HALL, Judge.
The central issue presented by this writ application is whether plaintiff in this suit for executory process has a right to dismiss the suit and withdraw the note sued on where the defendant made no appearance but where other parties filed interventions which were pending at the time of filing the ex parte motion to dismiss. The district court, after originally granting plaintiff’s motion to dismiss, upon interve-nor’s motion set aside the judgment of dismissal, reinstated the suit and accompanying seizure, and ordered the note sued on returned to the record. We granted writs on plaintiff’s application directed at the latter judgment of the district court.
Plaintiff, Dempsey L. Trainer, as the alleged holder and owner of a note executed by defendant, Universal Box and Packaging Corporation, brought suit by executory process to foreclose a chattel mortgage securing the note. The chattels were seized by the sheriff and advertised for sale.
George A. Haddad, Jr. intervened in the suit alleging ownership of the chattel mortgage note sued on. Intervenor further alleged that plaintiff is a secret officer, director and shareholder of the defendant corporation and that the attempted foreclosure is a device and scheme designed to place the assets of the defendant corporation beyond the reach of plaintiff and other bona fide creditors of the corporation. Intervenor also alleged that other lawsuits are pending between the parties involving the ownership of the chattel mortgage note, ownership of stock in the defendant corporation and other disputed matters; that the defendant corporation is insolvent; and that it would be in the best interest of stockholders and creditors for a receiver to be appointed for the corporation. Interve-nor prayed for a temporary restraining order enjoining and restraining the sheriff from proceeding with the sale and for a preliminary injunction to the same effect; for a permanent injunction revoking the order of seizure and sale and ordering the sheriff to hold the property in his possession until further orders of the court; and that defendant corporation show cause why a receiver should not be appointed. A temporary restraining order was issued as was a rule to show cause why a preliminary injunction should not be granted and why a receiver should not be appointed for the defendant corporation.
Plaintiff filed a peremptory exception of no cause or right of action to the petition of intervention; a rule to show cause why the surety on the temporary restraining order bond should not be declared insolvent; and a rule to show cause why the temporary restraining order should not be dissolved and the bond increased.
In due course, judgment was rendered dismissing plaintiff’s rule to test the sufficiency of the surety on the temporary restraining order bond; issuing a preliminary injunction pursuant to agreement of counsel restraining plaintiff, defendant corporation and the sheriff from proceeding with the sale of the seized property; deferring the motion to dissolve the temporary restraining order for later consideration; and deferring to a later date consideration of a motion to consolidate this and other suits pending between the parties. Subsequently, this suit and several others were consolidated for purposes of trial.
*437 A petition of intervention was then filed by Arthur A. Pozzi Company alleging that it was a creditor of the defendant corporation, that plaintiff had subordinated and assigned to intervenor any claim he might have against the defendant corporation, and praying that intervenor be paid by preference and priority over all other parties out of the proceeds of the foreclosure sale. In response to this petition of intervention plaintiff filed a dilatory exception of prematurity.
On November 10, 1972, on the joint ex parte motion of plaintiff and the defendant corporation, it was ordered that the suit be dismissed without prejudice at plaintiff’s cost and plaintiff was allowed to withdraw the note sued on.
On November 17, intervenor, Haddad, filed a rule to show cause alleging that the suit had been dismissed without notice to him,, that the mortgage note and mortgaged chattels were removed from the jurisdiction of the court by plaintiff and defendant corporation to the prejudice of interve-nor’s claims, and that the suit had been improperly dismissed. A rule to show cause was issued directed to plaintiff and the defendant corporation ordering them to show cause why a receiver should not be appointed for the defendant corporation, why the order dismissing the suit should not be nullified and recalled and the note withdrawn be returned to the record, why the mortgaged property removed from defendant’s place of business should not be returned, and why plaintiff and defendant corporation should not be cited for contempt for violation of the previous preliminary injunction issued by the court.
On November 29, judgment was rendered setting aside the previous judgment of dismissal; ordering plaintiff to immediately refile in the record the original mortgage note; reinstating the seizure of the property previously made by the sheriff; ordering the return of any property removed from the defendant’s premises since the order of dismissal; denying interve-nor’s petition for appointment of a receiver; and ruling on certain exceptions pending between the two intervenors.
From the judgment setting aside the previous order of dismissal and ordering the filing of the mortgage note, plaintiff made this application for writs. Specifically, applicant prayed that this court reverse the district court’s judgment setting aside the original judgment of dismissal.
LSA- — -Code of Civil Procedure Article 1671 provides:
“A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.”
LSA — Code of Civil Procedure Article 1039 provides:
“If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action.”
Official Revision Comment (a) under Article 1671 reads in part as follows:
“This article is, of course, subject to the provisions of art. 1039, supra, which when read with the above article, makes it clear that dismissals are allowed even when incidental demands are pending.”
The quoted articles of the Code of Civil Procedure are directly applicable to and control the decision of the issue presented. The defendant in the principal action having made no general appearance the plaintiff had an absolute right to dismiss the principal action without prejudice under the express terms of Article 1671. It is equally clear that under Article 1039, the voluntary dismissal of the principal action on plaintiff’s motion does not in any way affect the incidental actions (interventions) which must be tried and decided in *438 dependently of the pi'incipal action. Article 1039 establishes an exception where the dismissal is on plaintiff’s application to the general rule that interventions fall with dismissal of the principal demand. Compare: Chrysler Corp. v. City of New Orleans, 243 La. 498, 145 So.2d 11 (1962); Wright v. Mark C. Smith and Sons Partnership, 264 So.2d 304 (La.App. 1st Cir. 1972); and Halleron v. United Companies Mortgage & Investment of Monroe, Inc., 256 So.2d 475 (La.App. 2d Cir. 1972), in which incidental actions were held to fall where dismissal of the principal action was not voluntary and not on plaintiff’s motion.
Since plaintiff had the right to dismiss his principal action for foreclosure of his chattel mortgage by executory process, it logically follows that plaintiff should be allowed to withdraw from the record the mortgage note which he filed with his original petition. Although inter-venor, Haddad, claims ownership of the note he has not levied any sort of seizure against it and has no standing at this point to object to the withdrawal. It also logically follows that with dismissal of plaintiff’s principal action the seizure made of the mortgage chattels was dissolved and is no longer in effect. Consequently, interve-nor has no standing under the present posture of this litigation to object to the removal of the chattels from the defendant’s premises. Likewise, upon dismissal of the principal action, the district court is without authority to order the mortgage note returned to the record, the reinstatement of the seizure, or the return of the chattels to defendant’s premises.
Intervenor argues that the filing of the petitions of intervention amounted to a general appearance thereby making the dismissal of plaintiff’s action discretionary with the court under Article 1671. This argument is without merit because Article 1671 provides in mandatory language that a judgment shall be rendered upon plaintiff’s application if application is made prior to a general appearance by the defendant. No general appearance was made by the defendant in this case.
Intervenor also contends that plaintiff has no right to dismiss the action without prior notice to intervenors and a contradictory hearing on plaintiff’s motion. No authority is cited in support of this argument. Article 1671 provides for dismissal upon application of plaintiff and payment of costs and does not contemplate nor require a prior contradictory hearing on such an application. Plaintiff properly proceeded by ex parte motion. Provision is made in the Code of Civil Procedure for service of copies of pleadings and notice of judgment but these provisions do not affect plaintiff’s right to a judgment of dismissal on ex parte application.
Intervenor cites Harper v. Celotex Corporation, 183 So.2d 350 (La.App. 4th Cir. 1966) as holding that a district judge properly exercised his judicial discretion in setting aside a previous order of dismissal granted on ex parte motion of plaintiff, since he concluded he was in error in allowing plaintiff to dismiss his suit without notice to defendants. The Harper case is distinguishable from the instant case because in Harper, the defendants had made a general appearance, making the dismissal discretionary with the court. The court, in Harper, noted that if the application for voluntary dismissal was made prior to a general appearance by a defendant, the plaintiff was entitled to dismiss his suit as a matter of right.
The ex parte motion and order for dismissal, prepared by plaintiff and presented to the district court for signing, orders dismissal of the action without reference to the pending incidental demands. In inter-venor’s brief it is pointed out that the district court was not advised of the pending interventions at the time the order of dismissal was presented and signed. Although it would appear that the order of dismissal was necessarily subject to the provisions of Article 1039 providing that the dismissal shall not in any way affect the incidental action, for clarification we deem it advisable to amend the judgment to specifically so state.
*439 For the reasons assigned, the judgment of the district court dated November 10, 1972, ordering the dismissal of plaintiffs suit without prejudice is amended to provide that the dismissal shall not in any way affect the pending incidental actions and as amended is reinstated. The judgment of the district court dated November 17, 1972, is set aside and annulled insofar as it sets aside the previous judgment of November 10, 1972, and insofar as it orders reinstatement of the seizure, return of the mortgage note to the record, and return of the property to defendant’s premises. The case is remanded to the district court for further proceedings in accordance with law and consistent with the decision of this court. Costs of the proceedings in the appellate court are assessed to intervenor, George A. Haddad, Jr.