345 So.2d 189 (1977)
STATE of Louisiana, Plaintiff and Appellee,
v.
Gordon A. SKYEAGLE, Defendant and Appellant.
No. 5842.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Rehearing Denied May 10, 1977.
Writ Refused July 1, 1977.
*190 Plaisance & Franques by A. J. Plaisance, Lafayette, for defendant-appellant.
Frances M. Gilfoil, Lafayette, for plaintiff-appellee.
Before CULPEPPER, WATSON and STOKER, JJ.
STOKER, Judge.
The appellant, Gordon A. Sky Eagle,[1] was deprived of his driving privileges as a result of a proceeding conducted under the provisions of Louisiana R.S. 32:1471 et seq. known and entitled as Motor Vehicle Habitual Offender Law. The proceeding was initiated by petition in the district court for Lafayette Parish on the civil side of the court and the proceedings were conducted as a civil matter. Defendant-appellant, Sky *191 Eagle, has appealed from the district court judgment which found that he was an habitual offender with respect to offenses growing out of the operation of motor vehicles and which ordered him not to operate a motor vehicle on the highways of this state for a period of five years and until various conditions were met. Sky Eagle was granted a suspensive appeal to this Court of Appeal.
The principal question to be decided in this appeal is whether proceedings under the Motor Vehicle Habitual Offender Law may be conducted in a district court of this state under its civil jurisdiction inasmuch as the statute, specifically R.S. 32:1474, directs that the district attorney file the petition to initiate the proceeding "in the criminal district court for the parish wherein such person resides." In addition to this principal issue, defendant-appellant urges other errors were committed by the trial court.
We address ourselves to this jurisdictional question first. If the district court lacked jurisdiction, the other questions need not be considered.
The parties to this matter are the State of Louisiana, appearing through the District Attorney for the Fifteenth Judicial District of Louisiana, and defendant-appellant, Gordon A. Sky Eagle. They agree that the petition in this matter was filed on the civil docket of the Fifteenth Judicial District Court for Lafayette Parish, docket number 66,169. The jurisdictional question was raised by an exception of no cause or right of action. It was overruled by the trial court before proceeding to the merits of the case.

JURISDICTION OF THE DISTRICT COURT
R.S. 32:1474 directs that petitions filed under the Motor Vehicle Habitual Offender Law be filed in the criminal district court. The legislative enactment of this law provided for certain procedures clearly civil in nature.[2] None are criminal in nature.[3] Three appellate courts of this state, including the Louisiana Supreme Court have held that the proceedings conducted under this law as in the instant case are civil in nature. State v. Page, 332 So.2d 427 (La.Sup.Ct.1976); State v. Free, 321 So.2d 50 (La.App. 3rd Cir. 1975), writs refused, 325 So.2d 272 (La.1976) and State v. Love, 312 So.2d 675 (La.App. 2nd Cir. 1975), writs refused, 317 So.2d 627 (La.1975).
The jurisdictional issue here arises out of the fact that in State v. Page, supra, the Louisiana Supreme Court held that the Legislature could not constitutionally grant jurisdiction to conduct civil hearings under this act to the Criminal District Court for Orleans Parish. We must consider the other side of the coin: Can a district court of the State, possessing both criminal and civil jurisdiction, entertain jurisdiction of cases under this particular habitual offender law on its civil side, in face of the fact that the Legislature specifically directed that proceedings under it be instituted by the district attorney through filing a petition "in the criminal district court" of the defendant's domicile? R.S. 32:1473. We think the district court for the Fifteenth Judicial District can entertain jurisdiction of such cases. This particular district court, like most district courts of the state (but unlike the Criminal District Court for Orleans Parish), is a court of general jurisdiction. Moreover, the legislative act creating the law in question contained a severability clause.[4]
If the qualifying word "criminal" which precedes the words "district court" in R.S. 32:1474 be deemed the sole portion of the statute which raises jurisdictional question from a constitutional standpoint, and the word "criminal" may be severed out, a viable statute remains. After all, the Fifteenth Judicial District Court is not a court *192 of divided jurisdiction; that is, divided into separate courts of limited jurisdiction. It has general jurisdiction in both civil and criminal matters. Section 35, Article VII, Louisiana Constitution of 1921.
It is important in this case to consider the difference in constitutional status and jurisdiction of district courts such as the trial court in this case and the Criminal District Court for Orleans Parish which was involved in State v. Page, supra. In writing for the Supreme Court in the Page case, Mr. Justice Calogero looked to the 1921 constitution because the Motor Vehicle Habitual Offender Law was enacted before the Louisiana Constitution of 1974. All we view the Page case to say is simply that, inasmuch as the Criminal District Court for Orleans Parish had no civil jurisdiction under the 1921 constitution, the legislature was powerless to grant it civil jurisdiction unless it did so under Section 87 of Article VII of the 1921 constitution which permitted it to do so by a two-thirds vote of each House of the Legislature which it did not do in this situation.[5]
Reference to the Louisiana Constitution of 1921 discloses that the State, the Parish of Orleans excepted, is divided into judicial districts composed of a parish or several parishes. The Fifteenth Judicial District is made up of Lafayette, Acadia and Vermillion Parishes. Section 31, Article VII. The Civil District Court for the Parish of Orleans is created by Section 80 and its jurisdiction is set forth in Section 81. The Criminal District Court for the Parish of Orleans is created by Section 82 and its jurisdiction is set forth in Section 83. The jurisdiction in the judicial districts established by Article 31 are granted dual jurisdiction, civil and criminal, in Section 35 of Article VII of the 1921 Constitution. Hence, the constitutional problem inherent in State v. Page, supra, does not come into play in the district court in Lafayette Parish. In district courts, as is well known, the district judges pass back and forth from criminal court to civil court while operating from the same courtroom, while sitting on the same bench and perhaps using the same bailiff and court reporter. Also, as is well known, the parishes, other than Orleans, have a single Clerk of Court who functions for both civil and criminal matters. Section 66, Article VII of the 1921 Constitution.
After a consideration of the holding of State v. Page, supra, and the differences between District Courts and the Criminal District Court for the Parish of Orleans, we hold that the Fifteenth Judicial District Court for the Parish of Lafayette has jurisdiction of proceedings under the Louisiana Motor Vehicle Habitual Offender Law. We so conclude by holding that the word "criminal" may be regarded as the only unconstitutional portion of R.S. 32:1474, that it is severable from it, and the statute may be saved. We are abjured to find statutes constitutional if possible and to give effect to legislative acts if possible. In "district courts" the word "criminal" is not so interrelated and interconnected with the rest of the statute that it cannot be separated without destroying the intention manifested by the legislature in passing the act and the unconstitutionality of the severed word cannot affect the rest of the statute. For a discussion of these principles and citations, see Mims v. West Baton Rouge Parish School Board, 315 So.2d 349 (La.App. 1st Cir. 1975).

EXCEPTION OF RES JUDICATA
Prior to the filing of the petition in this case and prior to the handing down of the decision in State v. Page, supra, the District Attorney for Lafayette Parish had filed a petition under the same law in question here on the criminal docket in Lafayette Parish, Criminal Docket Number 37,806. After the Page case was decided, and before *193 the Sky Eagle case on the criminal docket was heard, the District Attorney refiled the petition on the civil docket, and thereafter moved to dismiss the case on the criminal docket which was done.
As we understand defendant-appellant's exception of res judicata, it is as follows. Dismissal of the suit on the criminal docket, which alleged the same matters as alleged in the suit later filed on the civil docket, put at rest all these issues between the State and Gordon F. Sky Eagle. On behalf of Sky Eagle it is urged that his permission to dismiss the suit on the criminal docket was not obtained and, therefore, under Article 1671 of the Louisiana Code of Civil Procedure, the dismissal must be deemed to have been with prejudice. We do not consider that this exception has merit. Article 1671 of the Louisiana Code of Civil Procedure provides that before a defendant makes a general appearance, the plaintiff may dismiss the suit without prejudice by paying the costs. Here, Sky Eagle had made a general appearance in the suit on the criminal docket. Therefore, the applicable part of Article 1671 is the last sentence which reads: "If the application [for dismissal] is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice." (Emphasis supplied) Under this provision it is discretionary with the court as to whether the dismissal shall be with or without prejudice. Harper v. Celotex Corporation, 183 So.2d 350 (La. App. 4th Cir. 1966), application denied, 249 La. 123, 185 So.2d 530 (1966). See also comment (b) under Article 1671. There is no evidence that the earlier case was dismissed with prejudice.
Actually the minutes of the court in connection with criminal docket number 37,806 show that the case was nolle prossed. In overruling the exception of res judicata the trial judge ruled the dismissal of the "original suit filed in the Criminal section of this court was actually not passed upon." In any event, we find no merit to the exception, and there existed grounds for overruling it.

EXCEPTION OF PRESCRIPTION
A further exception filed on behalf of defendant-appellant, Sky Eagle, is that of prescription. Under R.S. 32:1474 the district attorney is directed to file the petition provided for within ten days of receipt by him of an abstract prepared by the Department of Public Safety certifying the offenders conviction record. We regard this merely as a directory provision rather than a statute providing a prescriptive period for filing suits under the Motor Vehicle Habitual Offender Law. The trial court ruled that the original filing on the criminal docket (which was within ten days of receipt of the conviction record) had the effect of interrupting prescription and the suit on the criminal docket was not dismissed until after the suit on the civil docket was filed. As we view the ten-day requirement for filing merely as directory language, we consider the exception of prescription has no merit.

ALLEGED ERROR IN GRANTING RELIEF BEYOND THAT PRAYED FOR
Defendant-appellant contends that the show cause order signed by a judge of the district court was broader than the relief prayed for and that the judgment rendered was beyond the relief prayed for. There is no substance to this claim.

ALLEGED FAILURE OF STATE TO PROVE IDENTITY OF DEFENDANT-APPELLANT WITH REFERENCE TO EARLIER CONVICTIONS
In the supplemental brief filed on behalf of defendant-appellant Specification of Error IV is set forth as follows:
IV. The trial court's failure to require the State to prove by a preponderance of the evidence that Appellant herein was the same Gordon A. Sky Eagle who had been convicted of earlier offenses that fell within the provisions of the Habitual Offender Act of the State of Louisiana.
The transcript of the testimony discloses that objection to the certified extracts *194 of prior convictions was made by counsel for Mr. Sky Eagle. He also objected to certified copies of minutes from the three courts where he had pleaded guilty to driving offenses. The reasons for the objections are numerous but we fail to find that counsel ever articulated the precise objection mentioned above. On the other hand, at page 33 of the transcript we find that counsel entered a stipulation. The stipulation was apparently made for defendant-appellant's benefit. It stipulated that with reference to his three guilty pleas in the various prosecutions upon which the petition was based, the conviction in the City Court of Sulphur, Louisiana was without representation of counsel; the conviction in the City Court of Lafayette, Louisiana was with representation of counsel and his conviction in the Twenty-Second Judicial District Court for St. Tammany Parish was without representation of counsel. Inasmuch as this stipulation was entered into without any reservation we construe it is an admission that the defendant-appellant was the same person as the Gordon A. Sky Eagle involved in those convictions. Hence, any bearing which State v. Curtis, 338 So.2d 662 (La.Sup.Ct.1975), might have which he urges we consider, is immaterial. Moreover, the Curtis case involved an enhanced sentencing in a multiple offender matter.[6] Here, we are not involved with sentencing or with penal matters, but with a civil proceeding in which driving privileges are curtailed for a specified period of years. Under State v. Love, supra, and State v. Free, supra, the sanction imposed in proceedings under R.S. 32:1471, et seq., the Motor Vehicle Habitual Offender Law, is not penal in nature.

OTHER SPECIFICATIONS OF ERROR
Diligent and resourceful counsel for defendant-appellant urges a number of other specifications of error raising questions of double jeopardy and general objections based upon the predicate that the nature of the proceeding in question is a criminal prosecution. It is urged that the judgment violates the holding of Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). These questions were disposed of in State v. Love, supra, and State v. Free, supra. We see no need to reconsider them now.
For the reasons assigned we hold that the findings and judgment of the trial court was correct and we affirm that judgment.
AFFIRMED.
NOTES
[1] Although the caption of this suit reads "Skyeagle," in the brief filed in his behalf the last name is given as "Sky Eagle". In fact, he is so referred to in the original petition and his answer and other pleadings.
[2] Act 697 of the Louisiana Legislature of 1972.
[3] The statute does contain a penalty provision in R.S. 32:1480 for a violation of a judgment rendered pursuant to the civil proceeding, but it directs the district attorney to file appropriate criminal proceedings.
[4] Section 3 of Act 697 of the Louisiana Legislature of 1972.
[5] The conclusions of the Louisiana Supreme Court in State v. Page, supra, were stated as follows: "Inasmuch as the jurisdiction of the Criminal District Court was unchanged on the effective date of the 1974 Constitution, La. Const. art. V, § 32 (1974) and since the legislation here at issue was not re-enacted after January 1, 1975, (the effective date of the 1974 Constitution), the Criminal District Court today does not have jurisdiction over the civil revocation proceeding authorized by R.S. 32:1471 et seq."
[6] The provision of law involved was R.S. 15:529.1.