435 So.2d 1043 (1983)
R.G.C. INVESTMENTS, INC., and Ronald G. Cheek
v.
Don ALMERICO and National Union Fire Insurance Company of Pittsburgh, Pennsylvania.
No. 83-CA-317.
Court of Appeal of Louisiana, Fifth Circuit.
June 6, 1983.
Writ Denied September 23, 1983.
*1044 Andrew Weltchek, New Orleans, for plaintiffs-appellants.
Don Almerico, defendant-appellee, in pro per.
Jerome A. Kunkel, Destrehan, for Don Almerico, defendant-appellee.
Before CHEHARDY, BOWES and DUFRESNE, JJ.
CHEHARDY, Judge.
In this matter the plaintiffs, R.G.C. Investments, Inc., and Ronald G. Cheek, filed suit against Don Almerico, an attorney, and his professional liability insurer, National Union Fire Insurance Company of Pittsburgh, Pennsylvania. Plaintiffs sought damages for Almerico's alleged negligence in representing them in a rezoning matter. Neither defendant was ever cited or served with the suit, but Almerico filed an answer and reconventional demand. National Union made no appearance.
Approximately three months after suit was filed, the plaintiffs filed a voluntary motion to dismiss the action against both defendants without prejudice. The district judge signed the order of dismissal, but changed it to a dismissal with prejudice. Plaintiffs have appealed the "with prejudice" aspect of the dismissal.
In signing the order appended to the motion for dismissal, the judge added the following words: "See C.C.P. Art. 1671." Below his signature he wrote, "Attachment A, Letter dated Jan. 28, 1983 to court."
In the letter to which the judge referred, plaintiffs' attorney advised the court,
"* * * The plaintiffs are proceeding with an earlier filed direct action against Mr. Almerico's professional liability carrier alone in the 19th Judicial District. To obviate any prescription questions they also filed an action in the 29th District but directed that service be held. The plaintiffs do not want to embarrass Mr. Almerico; just recover their losses. Although not served, Mr. Almerico filed an answer and reconventional demand.
"On the same day that your Honor denied the jury request in this case, Judge Gonzales of the 19th Judicial District Court denied the exception of improper venue filed by the defendant insurer in the first case. Therefore, jurisdiction is clearly established *1045 in that case. Enclosed is the motion to dismiss this case I am filing. Dismissal of the plaintiffs' suit would not disturb the reconventional demand, if Mr. Almerico wishes to pursue it. C.C.P. Art. 1039."
Although the judge's comments do not indicate his intentions clearly, we assume his reference to this letter indicates he was dismissing the suit with prejudice rather than without because of the previously filed suit in the 19th Judicial District Court. In effect, the court recognized an exception of lis pendens on its own motion.
There is no provision in the law, either statutory or jurisprudential, for such an action. In fact, LSA-C.C.P. art. 531 makes it clear that unless the defendant files such an exception, the plaintiff is entitled to proceed with any of his simultaneous duplicate actions:
"When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all." LSA-C.C.P. art. 531.
See, by analogy, Ponthieux v. Lindsay, 216 So.2d 407 (La.App. 3d Cir.1968), affirmed 254 La. 647, 226 So.2d 482 (La.1969).
Further, LSA-C.C.P. art. 1671 provides:
"A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice."
Based on this article, the plaintiffs argue the trial judge erred in dismissing National Union with prejudice, because the insurance company had never been served and had never made an appearance. Under the clear wording of Article 1671, this contention is correct. Accordingly, the district court erred in dismissing the case with prejudice as to National Union Fire Insurance Company.
We note Article 1671 also requires the plaintiff to pay all costs before the judgment of dismissal without prejudice is rendered. The record before us contains no certificate of payment of costs. Although absence of such a certificate may give a judge the power to deny the dismissal, it does not give him the power to convert it to a dismissal with prejudice. In addition, nonpayment of costs has no effect upon the validity of an order granting dismissal, once signed. Adams v. Aetna Casualty & Surety Company, 214 So.2d 148 (La.1968).
As to Almerico, plaintiffs do not deny that his general appearance places some discretion in the court with respect to the motion to dismiss. Plaintiffs contend, however, that under Article 1671 the trial judge may only choose to grant or to deny dismissal without prejudice; he may not convert the motion to dismiss without prejudice into a dismissal with prejudice. Plaintiffs argue that converting the dismissal to one with prejudice is, in effect, an involuntary dismissal. Involuntary dismissals may be rendered only under limited circumstances, such as in granting an exception as provided in LSA-C.C.P. arts. 925 et seq., or when the plaintiff fails to appear when the case is called for trial, LSA-C. C.P. art. 1672.
In comparing the wording of the last sentences of LSA-C.C.P. arts. 1671 and 1672, there appears to be some ground for plaintiffs' point of view:
"* * * If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice." LSA-C.C.P. art. 1671.
"A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment *1046 of dismissal shall be with or without prejudice." LSA-C.C.P. art. 1672.
That the legislature chose to word these two articles differently would seem to indicate they intended, as to voluntary dismissals, the court would be limited in its power to determine whether the judgment of dismissal should be with prejudice. Instead, it would appear the judge may only refuse to grant a voluntary dismissal where he feels it should be a dismissal with prejudice, leaving it up to the plaintiff to decide whether to file a new motion to dismiss, with prejudice.
The jurisprudence, however, leans in the other direction. In State v. Skyeagle, 345 So.2d 189 (La.App. 3d Cir.1977), writ denied 347 So.2d 261 (La.1977), the court held, at page 193, "Under this provision [C.C.P. art. 1671] it is discretionary with the court as to whether the dismissal shall be with or without prejudice." The Skyeagle court cited the earlier case of Harper v. Celotex Corporation, 183 So.2d 350 (La.App. 4th Cir.1966), writ denied 249 La. 123, 185 So.2d 530 (La. 1966), as support for this statement. In the Harper case, however, the court said, at page 352, "LSA-C.C.P. art. 1671 provides the court, in its discretion, may grant a motion by Plaintiff to dismiss his suit after a general appearance by Defendants." The Harper court said nothing about the court having discretion under Article 1671 to determine whether the dismissal shall be with prejudice.
In Hebert v. Cournoyer Oldsmobile-Cadillac GMC, 419 So.2d 878 (La.1982), our Supreme Court stated, at page 880,
"Because the voluntary dismissal occurred after defendants' answer, the trial court was vested with discretion to dismiss the suit with or without prejudice. C.C.P. Art. 1671. Therefore, when plaintiff moved to dismiss the suit without prejudice, defendants could have objected, and the trial court could have prevented circumvention of its denial of the continuance by refusing to grant the motion unless the dismissal was with prejudice. Defendants did not object to the motion to dismiss without prejudice, but on the contrary joined in the motion. Moreover, the trial court did not exercise its discretion to grant the dismissal only with prejudice, but granted the qualified dismissal based on the joint motion."
These remarks could be construed either as supporting the interpretation of Article 1671 made in State v. Skyeagle, supra, or as supporting the position of the plaintiff in this case. We believe the better-reasoned interpretation of Article 1671, in light of the varying language of Articles 1671 and 1672, is that the legislature intended that under Article 1671 the court should have the power to refuse a voluntary dismissal without prejudice where the defendant has made a general appearance, thus choosing to grant the voluntary dismissal only if the plaintiff agrees it be a dismissal with prejudice. We do not believe the language of Article 1671 can correctly be interpreted as giving the court discretion to convert the dismissal without prejudice into a dismissal with prejudice.
Accordingly, we find the trial court erred in converting plaintiffs' motion to dismiss as against Almerico from a dismissal without prejudice to a dismissal with prejudice. Instead, the court should have denied the voluntary motion to dismiss, as to Almerico. As stated earlier, the court had no ground on which to refuse the dismissal without prejudice as to National Union.
For the foregoing reasons, the judgment of the district court is reversed and set aside. The case is remanded for further proceedings in accordance with this opinion.
REVERSED, SET ASIDE AND REMANDED.