WICKER, Judge.
The plaintiffs, James L. D’Spain and Kevin Lakins, sued the defendants, Price-Waterhouse and Company and Patrick Dominick, for defamation. Prior to any appearance by Price-Waterhouse and Dominick, D’Spain and Lakins moved to dismiss their suit without prejudice; and the trial judge signed the order of dismissal. Price-Waterhouse and Dominick moved to vacate and/or set aside the dismissal without prejudice; and that motion was denied. Price-Waterhouse and Dominick appeal that denial. We affirm.
D’Spain and his wife were involved in a community property partition in the 24th Judicial District Court (Floyd W. Newlin, J.). Mrs. D’Spain employed Price-Water-house to evaluate and testify concerning certain community assets, including D’Spain’s business interest in D’Spain Enterprises. Price-Waterhouse assigned the project to Dominick, who eventually testified as an expert accountant.
D’Spain and his business manager, La-kins, alleging that the testimony of Dominick defamed them, filed suit against Domin *891 ick and his employer, Price-Waterhouse, which was allotted to Judge Newlin. Counsel for Price-Waterhouse and Dominick requested and received from counsel for D’Spain and Lakins an agreement concerning an extension of time to plead. Price-Waterhouse and Dominick claimed that a binding stipulation was confected between counsel, and D’Spain and Lakins claimed that only an informal agreement was reached.
The text of the August 13, 1986 letter was:
We have been retained to represent Price-Waterhouse & Co. and Patrick Dominick in this litigation. This will confirm your agreement that the defendants may have until Friday, September 5, 1986 to file pleadings responsive to the Petition and the document subpoena in this matter.
I very much appreciate your courtesy in agreeing to this extension.
On the morning of September 5th, counsel for D’Spain and Lakins filed and had signed a motion to dismiss the proceeding without prejudice. That afternoon, counsel for Price-Waterhouse and Dominick filed a motion for summary judgment, asking for dismissal with prejudice. Counsel for Price-Waterhouse and Dominick moved to vacate and/or set aside the dismissal without prejudice, and this motion was denied. The motion for summary judgment was also denied as being moot, since the proceeding had already been dismissed.
At the hearing on the matter, the trial judge indicated that, unless there had been a “binding extra-judicial agreement between you people which extended the time for pleadings on behalf of the defendant, there’s no question that he’s entitled to dismiss the case.”
The record of the hearing on the motions of Price-Waterhouse and Dominick consists only of argument of counsel, who were, of course, most intimately involved with the situation. There was no sworn testimony, but a copy of the letter in question was introduced.
Counsel for Price-Waterhouse and Dominick argued that the letter in question was tantamount to a general appearance by defendants and that, consequently, D’Spain and Lakins were not entitled to an ex parte judgment of dismissal without prejudice. He also argued that the letter constituted a binding agreement by counsel for D’Spain and Lakins not to take any action adverse to defendants prior to the close of the business day on September 5. He argued that the sole reason D’Spain and Lakins had for their action was to avoid trying their defamation suit in Judge Newlin’s court, since he was already the trial judge on the partition suit.
Counsel for D’Spain admitted that he agreed to to take no action adverse to defendants, but he denied he specifically agreed to allow until the end of September 5th for responsive pleadings. He further argued that he never waived his absolute right to dismiss without prejudice and that the issue was never discussed or contemplated. “We did not intend to give up our rights to file a motion to dismiss without prejudice if we so chose_” Also, he argued that the agreement in question was nothing more than an informal extension of time to file responsive pleadings, and that a dismissal of a lawsuit is not adverse to the defendant. He pointed out that the reason for waiting until September 5th to file his motion for dismissal without prejudice was that the trial judge had been on vacation for three weeks immediately preceding that date and that there was no ulterior motive for waiting until the end of the informal extension of time to plead. Counsel for Lakins, who by this point was different from counsel for D’Spain, explained that his reason for dismissing and refiling the suit in Orleans Parish was dissatisfaction with the allegations in the original petition. He stated that he had completely redrafted the suit. He further argued that even a written and filed motion for extension of time to plead, much less an informal agreement between counsel, would not constitute a general appearance, under L.S.A.-C.C.P. art. 7 A(2).
Although the trial judge repeated his request for evidence on the matter of the letter and agreement in question, no one *892 produced sworn testimony. The trial judge stated that he would not consider the un-sworn arguments of counsel as evidence. The judge remarked, “Fve read that letter and I consider it not as any stipulation as you so classified it but a simple informal agreement between counsel which is not unusual to extend the time rather than by formal motion.” Prior to issuance of the written judgment, Price-Waterhouse and Dominick took a suspensive appeal.
The case is governed by L.S.A.-C.C.P. art. 1671:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance the court may refuse to grant the judgment of dismissal except with prejudice. (Emphasis added.)
The dispositive issue is whether some action on the part of counsel for D’Spain and Lakins should deprive their clients of their absolute right to have their case dismissed without prejudice.
We agree with the trial judge’s characterization of the letter in question as a simple informal agreement between counsel. Nothing in this one-sided writing, not signed by the parties sought to be bound by it, rises to the level of a stipulation between parties or a general appearance by Price-Waterhouse and Dominick. “A party who demands performance of an obligation must prove the existence' of the obligation.” L.S.A.-C.C. art. 1831. Price-Wa-terhouse and Dominick had the burden of proving the existence of a binding stipulation, and they failed to do so. We have considered the remark of counsel for D’Spain and Lakin that he had agreed to take no adverse action against Price-Water-house and Dominick. We do not find that this constitutes proof of a binding agreement to refrain from filing a motion to dismiss without prejudice.
D’Spain and Lakins had an absolute right to a dismissal without prejudice of their suit, since Price-Waterhouse and Dominick had made no general appearance. Trainer v. Universal Box and Packaging Corp., 272 So.2d 435 (La.App. 2d Cir.1973). See also, R.G.C. Investments, Inc. v. Almerico, 435 So.2d 1043 (La.App. 5th Cir.1983), writ denied 438 So.2d 574 (La.1983). The existence of an informal extension produces no greater or lesser right than a formal motion for extension of time to file responsive pleadings. The trial judge had no discretion to refuse a dismissal without prejudice, and Price-Waterhouse and Dominick had no right to vacate or set aside that judgment.
We hold that the denial by the trial court of the motion to vacate and/or set aside the judgment of dismissal without prejudice was proper. We further hold that the trial court’s ruling that the motion for summary judgment was moot was proper. Price-Wa-terhouse and Dominick are to pay all costs of this appeal.
AFFIRMED.