CHEHARDY, Judge.
This matter was filed by the District Attorney for the Parish of Jefferson, on *821 behalf of the State of Louisiana, Department of Social Services (the State) as a petition to establish paternity and support pursuant to La. R.S. 46:236.1, et seq., and the Uniform Interstate Family Support Act, La. Ch.C. art. 1301.1, et seq. At the time of the filing, the mother, Ida Swaf-ford, and her minor child were residents of the state of Florida, and defendant, Edwin Powell, was a resident of Jefferson Parish.
On October 18, 1999, a hearing on the issue of paternity was held. Defendant appeared and agreed to submit to genetic testing in the form of a blood test. On December 17, 1999, defendant filed a motion to dismiss with prejudice, arguing that while he agreed to undergo a blood test at the October 18, 1999 hearing, that the test had not been scheduled by the State. Defendant argued that this two month period was “an unreasonable amount of time” and moved that the case be dismissed with prejudice.
Prior to the hearing on defendant’s motion to dismiss with prejudice, a blood test was scheduled and defendant submitted for blood work. Subsequently, the State received notice from Florida that Ms. Swafford had failed to appear for scheduled appointments 13and requested that the State dismiss this action without prejudice. However, defendant asserted that the matter should be dismissed with prejudice.
On February 14, 2000, the motion to dismiss was heard by the trial court. After argument, the trial court ruled that “[biased upon the fact that the defendant has appeared ... and has ... appropriately acted under [La. C.C.P.] Article 1671, the court will grant the motion of dismissal with prejudice.” The trial court’s ruling was reduced to a written judgment that day. This appeal ensued.
On appeal, the State argues that it was improper for the trial court to grant a dismissal with prejudice based on La. C.C.P. art. 1671. The State also argues that it was against public policy for the trial court to dismiss with prejudice a request to establish paternity prior to trial.[1] In addition to an appellee brief, defendant has filed herein a motion to strike “attachments and exhibits not properly entered in evidence yet offered as the complete record on appeal in this proceeding” and a “peremptory exception pleading no right of action or want of interest in the plaintiff/appellant to institute action.”
In defendant’s motion to strike, defendant argues that several documents regarding preliminary matters in Florida and in the Juvenile Court were not properly offered in evidence in Juvenile Court and should not be considered herein. Upon review, we do not find these objected-to documents to be “extraneous post-trial pleadings.” Moreover, these documents are not germane to the sole issue before us on appeal, whether the trial court erred by granting the dismissal with prejudice, as opposed to without prejudice.
In defendant’s peremptory exception, defendant argues that the State can no longer represent Ms. Swafford because Ms. Swafford’s failure to appear for scheduled appointments in Florida terminated her relationship with Florida, and that because her relationship with Florida was terminated, the State “lost its right of action (interest) in pursuing the matter any further ...” We disagree. The plaintiff in this action is the State |4of Louisiana, Department of Social Services. The State clearly has a right to proceed in this appeal.
Addressing the merits of this appeal, as noted above, defendant moved that this action be dismissed with prejudice. The State requested that it be dismissed without prejudice. The trial court relied on La. C.C.P. art. 1671 to dismiss this *822 action with prejudice. We find this ruling to be in error.
La. C.C.P. art. 1671 addresses voluntary dismissals, and provides:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
As held by Vardaman v. Baker Center, Inc., 96-0831 (La.App. 1 Cir.2/14/97), 689 So.2d 667, in interpreting art. 1671:
The first sentence of this article refers specifically to an application of the plaintiff for a dismissal of an action “without” prejudice. The second sentence of this article must be read in conjunction with the first sentence so that the reference to “the application” means the application for a dismissal “loithout” prejudice. Therefore, if an application for dismissal without prejudice is made prior to a general appearance by the defendant, a judgment dismissing the action without prejudice is mandatory and the trial court has no discretion in this regard. However, if an application for dismissal without prejudice is made after a general appearance by the defendant, the trial court has discretion to refuse to grant a judgment of dismissal without prejudice. Turner v. Leslie, 96-2288 (La.12/6/96), 684 So.2d 395, 396. Moreover, the trial court may not dismiss an action without prejudice if the substantive rights acquired by the defendant would be lost or if the dismissal would deprive the defendant of a just defense. City National Bank v. Anlage, 448 So.2d 199, 200 (La.App. 1st Cir.1984). When either of these circumstances exists and the plaintiff has moved for a dismissal without prejudice, the trial court may grant the voluntary dismissal only if the plaintiff agrees that it be a dismissal with prejudice. See R.G.C. Investments, Inc. v. Almerico, 435 So.2d 1043, 1046 (La.App. 5th Cir.), writ denied, 438 So.2d 574 (La.1983).
Id. at 669-70 (emphasis ours).
In this matter, it is clear that the plaintiff, the State, requested that this voluntary dismissal be without prejudice. The trial court nevertheless granted the voluntary dismissal, pursuant to art. 1671, with prejudice. Based on Vardaman, our prior holding in R.G.C. Investments, Inc., v. Almerico, 435 So.2d 1043 (La.App. 5 Cir.1983), writ denied, 438 So.2d 574 (La.1983), and its progeny, the trial court was without authority to grant a dismissal with prejudice pursuant to La. C.C.P. art. 1671.
Accordingly, for the foregoing reasons, we hereby amend the trial court’s February 14, 2000 judgment to dismiss this action without prejudice. As amended, the trial court’s judgment is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.
GOTHARD, J., concurs.

. Because we find appellant's first argument to have merit, we need not address appellant's second argument.