THOMAS F. DALEY, Judge.
In this civil appeal, the defendant-appellant, Travelers Casualty and Surety Company of America (“Travelers”), appeals the trial court’s granting of plaintiff-appellee’s, Botánica Property Partners, L.L.C. (“Bot-ánica”), Motion to Dismiss Without Prejudice.
FACTS:
On April 28, 1998, Botánica and Hodges Construction Co., Inc. (“Hodges”) entered into a “Standard Form of Agreement Bé-tween Owner and Contractor” for Hodges to serve as general contractor for the “Botánica, A Luxury Apartment Community” project located in Mandeville, Louisiana, for a fee of Eleven Million, One Hundred Thousand Dollars.[1] The contract was signed by Gus Pelias, Jr., Co-manager of Botánica, and Rick Hodges for Hodges. On the same date, Hodges executed a Performance Bond and a Labor and Material Payment Bond with Travelers, as the surety. The performance bond included a provision, which states |Rthat “Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.” On December 22, 1999, Hodges, Botánica and Park Design Group, Inc. executed a Substantial Completion AIA Document for the contractor, owner, and architect. On July 14, 2000, Botánica and Hodges executed a Cancellation of Building Contract, and a Settlement Agreement by and between Botánica Property Partners, L.C.C. and Hodges Construction Co., Inc., which purported to settle the entire dispute between them.
On November 29, 2001, Botánica filed a Petition for Indemnity, in the 22nd Judicial District Court entitled, “Louisiana Landscape Specialty[2] d/b/a Louisiana Landscape Garden Center verses Hodges Construction Co., Inc. and Botánica Property Partners, L.L.C., The Travelers Insurance, Co.”
On September 13, 2002, Botánica filed suit, in the 24th Judicial District Court, against Hodges, Travelers, and Travelers *758 Insurance Company alleging that Hodges failed to construct the balconies of the project in accordance with the plans and specifications and left exposed the membrane of the concrete decking causing deterioration of the structural columns and damage to the structural members and finishes below the decks. In their First Amending and Supplemental Petition, Bot-ánica alleged that a number of the projects 700 windows were damaged because of moisture penetration caused by the use of improperly treated inferior wood trim materials, improper installation of window flashing, and the improper use of and/or inferior caulking material resulting in additional damage caused by termites.
On November 19, 2002, Travelers answered the petition, in the 24th Judicial District Court case, and asserted several defenses, including that Botanica’s claims were untimely and barred by the performance bond, immunity under LSA-R.S. |49:2771, and that Botánica is barred from recovery, because it settled its claims in a settlement agreement. On November 25, 2002, Travelers Insurance Company of Illinois answered the plaintiffs petition, in the 24th Judicial District Court case, asserted the affirmative defenses, and filed Dilatory Exceptions of Lack of Amicable Demand and Prematurity, Peremptory Exceptions of Prescription and No Cause of Action, and a Declinatory Exception of Improper Venue.
In October of 2003, Botánica filed a First Amending and Supplemental Petition, in the 22nd Judicial District Court, raising the same allegations raised in the 24th Judicial District Court suit, and adding the allegation of additional damage to the OSB sheathing beneath the siding caused by the window damage requiring removal, replacement or repair, and painting of the windows, siding, flashing, sheathing, and trim. Thereafter, on April 29, 2004, Botánica filed a Motion to Dismiss Without Prejudice its suit in the 24th Judicial District Court alleging that the matter was pending in the 22nd Judicial District Court.
On April 30, 2004, Hodges filed an Opposition to the Motion to Dismiss, in the 24th Judicial District Court case, claiming that it filed an Exception of Lis Pendens to Botanica’s First Amending and Supplemental Petition, in the 22nd Judicial District Court case, which is identical to the action before the court. Travelers also filed an Exception of Lis Pendens, in the 22nd Judicial District Court case. The trial court in the 22nd Judicial District Court suit dismissed the Exceptions of Lis Pendens. Travelers filed a Writ Application with the First Circuit Court of Appeal on the trial court’s denial of its exception. On November 1, 2004, the First Circuit denied writs.
In its Memorandum in Opposition to Motion to Dismiss, in the 24th Judicial District Court case, Travelers objected to dismissal without prejudice, because it answered the suit, therefore the court did not have the right to dismissal without prejudice as a matter of right. LSA-C.C.P. art. 1671. In addition, Travelers [ficlaimed that the suit should not be dismissed without prejudice, because it had been pending since September 2002, the issues were joined, and discovery was underway. Travelers also claimed that it had a contractual defense because Botanica’s suit was time barred, therefore, it requested that the trial court dismiss the case only with prejudice. Also, Travelers claimed that because Botánica would be unable to demonstrate that it filed suit before the expiration of the two years from the date that the final contract payment fell due, the trial court was required to render an absolute dismissal.
On May 10, 2004, Travelers filed an Exception of Prescription or Peremption or, in the Alternative, Motion for Summary *759 Judgment and Rule to Show Cause, in the 24th Judicial District Court case. In its memorandum, Travelers claimed that Bot-anica’s action was time barred, because it was not filed until September of 2002, more than two years after the contractual provision of the performance bond allowed and, therefore, should be dismissed pursuant to LSA-C.C.P. art. 923 or alternatively pursuant to LSA-C.C.P. art. 966, because there existed no genuine issues of material fact.
In their opposition to Travelers’ Exception of Prescription or Peremption or Alternative Motion for Summary Judgment, Botánica alleged that their suit in the 24th Judicial District Court was timely, because the last payment under the contract, can and should be broadly interpreted to include payments from the general contractor to the subcontractors and materialmen, i.e. the last payment from Hodges to Louisiana Landscape occurring after September 13, 2002.
On June 14, 2004, the trial court, in the 24th Judicial District Court case, rendered judgment granting Botanica’s Motion to Dismiss Without Prejudice and dismissed Travelers’ Exception of Prescription or Peremption or Alternative Motion for Summary Judgment, as moot.
lfiIn their appeal to this Court, Travelers argues that the trial court erred in granting Botanica’s Motion to Dismiss without prejudice.[3] Travelers claims that the suit should not have been dismissed without prejudice, because all the defendants made an appearance, including Travelers when it answered the petition on November 15, 2002 and Botánica presented no evidence, in response to their affirmative contractual defense of untimeliness, that the suit was timely filed. Travelers contends that both of the suits, filed on September 13, 2002 and October 13, 2003, are untimely under the performance bond provision requiring that any suit under the bond must be instituted before the expiration of two (2) years from the date on which final payment under the contract fell due, August 2002 at the latest.
In their response to the appeal, Botánica argues that their Petition for Indemnity, in the 22nd Judicial District Court, filed on November 29, 2001 was the original suit filed, and therefore controls the determination of the running of the prescriptive period.
DISCUSSION:
A trial court has wide discretion to grant a dismissal without prejudice after the defendant has appeared, and its judgment will not be set aside absent a clear abuse of that discretion. Martinez v. Dow Chemical Co., 97-289, p. 3 (La.App. 5 Cir. 9/30/97), 700 So.2d 1096, 1098. An abuse of discretion has been found in dismissals without prejudice where the substantive rights of the defendant would be lost, or where the defendant would be deprived of a just defense. Id.See also, State, Dept. of Social Services v. Powell, 00-926, p. 3 (La. App. 5 Cir. 10/18/00), 769 So.2d 820, 822. This Court has previously held that after appearance by the |7defendant, a trial judge may either grant the plaintiffs Motion to Dismiss without prejudice, or deny it, not enter a dismissal with prejudice. Id.
Therefore, we must determine whether any substantive rights of the defendant were lost, or if the defendant was deprived of a just defense. It is clear from the record in this ease that Botánica filed their Petition for Indemnity, on November 29, 2001, in the 22nd Judicial District Court ease, prior to the filing of their Petition, on September 13, 2002, in the 24th Judicial District Court case.
*760 Based on the Petition for Indemnity included in the record, we find that Botani-ea’s Petition for Indemnity gave fair notice of the factual situation, out of which the amended petition arises. The Petition for Indemnity names the defendant, Travelers, and states Botanica’s third party action involves the “Settlement Agreement ... arising out of or relating to the Standard Form Agreement Between Owner and Contractor dated April, 28, 1998 for construction by Hodges (the Contractor) of the improvements upon the immovable property owned by Botánica (the Owner).” Botanica’s Petition for Indemnity was filed prior to their Petition, in the 24th Judicial District Court case, on September 13, 2002. Given these facts, we do not find that the dismissal without prejudice of the 24th Judicial District Court case prejudices any of Travelers substantial rights because they have been or can be asserted in the 22nd Judicial District Court case.
For the foregoing reasons, the judgment of the trial court granting the Motion to Dismiss without Prejudice is affirmed.
AFFIRMED.

. $1,753,000 was deducted from this amount unless or until Botánica obtained the approvals necessary for several structures that were part of the project.

. Louisiana Landscape Specialty was a bonded lien holder on the project. Louisiana Landscape Specialty will hereinafter be referred to as Louisiana Landscape.

. The appellant's brief does not set forth the assignment of alleged errors relied upon, as required by the Uniform Rules, Courts of Appeal, Rule 2-12.4.