CARTER, C.J.
| ^Parish National Bank appeals a judgment of the trial court dismissing its claims against Cash Register Sales, Inc., with prejudice.
FACTS AND PROCEDURAL HISTORY
Parish National filed the underlying suit relating to credit card usage, naming several defendants, including Cash Register Sales. Cash Register Sales responded by filing exceptions raising multiple objections including no right of action, no cause of action, failure to join necessary parties, failure to plead fraud and special damages with specificity, and vagueness. Thereafter, Parish National moved to voluntarily dismiss its claims against Cash Register Sales without prejudice. Cash Register Sales objected to the dismissal being without prejudice.[1] After a hearing on the motion to dismiss, the trial court dismissed Parish National’s claims against Cash Register Sales with prejudice. After its mo *17 tion for new trial was denied, Parish National appealed.
DISCUSSION
This appeal concerns the legal interpretation to be given LSA-C.C.P. art. 1671, which provides:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
(Emphasis added.) The specific question raised is whether the second sentence of the article grants the trial court discretion to dismiss a suit with ^prejudice if the application for dismissal without prejudice is filed after the defendant has made an appearance.
In Vardaman v. Baker Center, Inc., 96-0831 (La.App. 1 Cir. 2/14/97), 689 So.2d 667, 669-670, this court interpreted the language of Article 1671 as follows:
The first sentence of [Article 1671] refers specifically to an application of the plaintiff for a dismissal of an action “without” prejudice. The second sentence of this article must be read in conjunction with the first sentence so that the reference to “the application” means the application for a dismissal “without” prejudice. Therefore, if an application for dismissal without prejudice is made prior to a general appearance by the defendant, a judgment dismissing the action without prejudice is mandatory and the trial court has no discretion in this regard. However, if an application for dismissal without prejudice is made after a general appearance by the defendant, the trial court has discretion to refuse to grant a judgment of dismissal without prejudice. Turner v. Leslie, 96-2288 (La.12/6/96), 684 So.2d 395, 396. Moreover, the trial court may not dismiss an action without prejudice if the substantive rights acquired by the defendant would be lost or if the dismissal would deprive the defendant of a just defense. City National Bank v. Anlage, 448 So.2d 199, 200 (La.App. 1st Cir.1984). When either of these circumstances exists and the plaintiff has moved for a dismissal without prejudice, the trial court may grant the voluntary dismissal only if the plaintiff agrees that it be a dismissal with prejudice. See R.G.C. Investments, Inc. v. Almerico, 435 So.2d 1043, 1046 (La.App. 5th Cir.), writ denied, 438 So.2d 574 (La.1983).
The trial court does not have the power to dismiss with prejudice pursuant to a motion to dismiss without prejudice. Article 1671 merely empowers the trial court to “refuse to grant the judgment of dismissal except with prejudice.” Upon objection, the dismissal should not be granted with prejudice, and the case should proceed. Spencer v. Children’s Hosp., 432 So.2d 823, 824-825 (La.1983). See also State, Dept. of Social Services v. Powell, 00-926 (La.App. 5 Cir. 10/18/00), 769 So.2d 820, 822.
|4In the instant case, Parish National moved to dismiss its claims against Cash Register Sales without prejudice. Cash Register Sales had made an appearance before the motion was filed and did object to a dismissal without prejudice. Parish National clearly did not consent to a dismissal with prejudice. Thus, it was improper for the trial court to dismiss Parish National’s claim against Cash Register Sales with prejudice. The motion to dismiss without prejudice should have been denied, and the case should proceed. See Spencer, 432 So.2d at 823.
*18 CONCLUSION
Considering the foregoing, we vacate the judgment of the trial court dismissing Parish National Bank’s claim against Cash Register Sales, Inc. with prejudice. Judgment is further rendered denying Parish National’s motion to dismiss its claims against Cash Register Sales without prejudice. This matter is remanded to the trial court so that the case may proceed. Costs of this appeal are assessed to Cash Register Sales, Inc.
JUDGMENT VACATED; JUDGMENT RENDERED; REMANDED.

. Parish National's claims against the other three defendants were dismissed without prejudice. However, one defendant filed a cross-claim against Cash Register Sales, which was not dismissed.