650 So.2d 373 (1995)
Randall P. ROUSSELL
v.
Miriam Singletary ROUSSELL.
Nos. 94-CA-742, 94-CA-743.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 1995.
*374 Bates & Leblanc, James L. Bates, Jr., Frank V. Leblanc, III, Metairie, for appellant Randall P. Roussell.
Vezina and Associates, Stephen J. Caire, Gretna, for appellee Miriam Singletary Roussell.
Before BOWES, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Randall P. Roussell, appeals from a district court judgment in favor of defendant, Miriam Singletary Roussell, dismissing with prejudice his Rule to Show Cause For Visitation and For Limited Sole Tutorship. For the reasons which follow, we vacate and set aside the judgment and remand for further proceedings.
The parties were married on August 21, 1982. One child was born of the marriage, Gloria Michelle Roussell, on May 13, 1987. The parties were legally separated in July 1988, with joint custody and reasonable visitation being awarded.
Thereafter, in late 1989, appellee filed a sexual abuse complaint against appellant and all visitation was terminated pending investigation and trial. On April 11, 1990, a consent judgment was filed in which the parties agreed to nullify any interim court orders and visitation was resumed.
In 1992, appellee again filed a sexual abuse complaint against appellant. Visitation was again terminated based on the allegations in the petition. After trial on the merits on March 16, 1993, the trial judge rendered judgment finding "no substantial evidence exi[s]ts to prove that Randall Roussell molested his daughter." The trial court further ruled that, since the child had come to believe the allegations, it was in her best interest to undergo therapy with a goal of reuniting the child with her father, rather than to just immediately allow visitation.
Sometime thereafter, in another court division, appellant filed a lawsuit against Dr. Susanne A. Chabaud, alleging that her treatment of the child and erroneous accusations against him directly led to his wrongful loss of visitation with his daughter. The lawsuit was met with an exception of no right of action, contesting appellant's right to assert the cause of action against Dr. Chabaud.
On April 12, 1994, appellant filed the instant rule for visitation and limited sole tutorship. The order was signed on April 13, 1994, setting the hearing for May 31, 1994. The minute entry on May 31, 1994 shows that the rule was continued by the court to July 12, 1994. However, a minute entry on June 16, 1994 shows that the rule was dismissed with prejudice "per motion." The minute entry on July 12, 1994 also shows that the rule was dismissed "per motion."
While there are allegations by both parties as to what transpired in chambers (whether the parties agreed to submit the rule on memoranda), the record only indicates that memoranda were filed both in support of and in opposition to the rule and then appellant filed a motion to dismiss the rule without prejudice. The record evidences no objection by appellee to the motion to dismiss without prejudice. The order on the motion to dismiss was signed by the trial judge, but the rule was dismissed with prejudice. The letters "out" in appellant's motion to dismiss were scratched out and initialed by the trial judge. It is from this court order that appellant now appeals.
On appeal appellant contends that the trial court was without authority to act on her motion to dismiss without prejudice, by signing the dismissal with prejudice. We agree.
La.C.C.P. art. 1671 addresses voluntary dismissals and provides:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
Appellee herein argues that since she had made a general appearance, the trial court, *375 under La.C.C.P. art. 1671, had the option of granting the motion to dismiss with or without prejudice.
While appellee's position is not without some support from different appellate circuits, State v. Skyeagle, 345 So.2d 189 (La. App. 3rd Cir.1977), writs denied, 347 So.2d 261 (La.1977), this circuit has expressly addressed the issue and ruled to the contrary. R.G.C. Investments, Inc. v. Almerico, 435 So.2d 1043 (La.App. 5th Cir.1983), writs denied, 438 So.2d 574 (La.1983).
In R.G.C., this court was presented with the same question presented herein, whether, under La.C.C.P. art. 1671, the trial court, presented with plaintiff's motion to dismiss without prejudice, can sign the dismissal with prejudice. In a well-reasoned opinion with which we still agree, this court ruled that the trial judge could not act on appellant's motion to dismiss without prejudice by dismissing the case with prejudice. After considering the third circuit decision in Skyeagle, this court in R.G.C. concluded:
We believe the better-reasoned interpretation of Article 1671, in light of the varying language of Articles 1671 and 1672, is that the legislature intended that under Article 1671 the court should have the power to refuse a voluntary dismissal without prejudice where the defendant has made a general appearance, thus choosing to grant the voluntary dismissal only if the plaintiff agrees it be a dismissal with prejudice. We do not believe the language of Article 1671 can correctly be interpreted as giving the court discretion to convert the dismissal without prejudice into a dismissal with prejudice.
Appellee alternatively argues that the trial court nevertheless acted properly in granting the dismissal with prejudice as an involuntary dismissal entered after the close of appellant's case. La.C.C.P. art. 1672[1]. However, the record on appeal does not bear out appellee's contentions that appellant had completed the presentation of his evidence on his rule. The record does contain memoranda relative to the rule. However, no hearing was held and the record does not indicate waiver of the hearing. Therefore, we find appellee's contentions on this point do not have record support.
Accordingly, for the reasons stated above, the judgment of dismissal with prejudice on appellee's motion to dismiss without prejudice is vacated, set aside and the case is remanded for further proceedings. Appellee's motion to dismiss the appeal is denied as is her request for damages for a frivolous appeal. Costs shall be borne by appellee.
SET ASIDE, VACATED AND REMANDED.
NOTES
[1] La.C.C.P. art. 1672 provides:

A. A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.