657 So.2d 604 (1995)
William JASPER, for Himself and all others Similarly Situated
v.
NATIONAL MEDICAL ENTERPRISES, INC. and NME Hospitals, Inc. d/b/a St. Charles General Hospital.
No. 94 CA 1120.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
*605 Estelle E. Mahoney, Stephen J. Johnson, Houma, for plaintiff-appellant William Jasper, et al.
Michael D. Peytavin, Gretna, for defendants-appellees National Medical Enterprises, Inc., and NME Hospitals, Inc. d/b/a St. Charles General Hosp.
Before LeBLANC, PITCHER and FITZSIMMONS, JJ.
PITCHER, Judge.
William Jasper (plaintiff) appeals from a judgment of the trial court sustaining the declinatory exception pleading the objection of lack of personal jurisdiction as to National Medical Enterprises, Inc. (NME), and sustaining the declinatory exception pleading the objection of improper venue as to defendant, NME Hospitals, Inc. d/b/a St. Charles General Hospital (St. Charles Hospital). For the foregoing reasons, we affirm in part; reverse in part, and remand with instructions.

*606 FACTS AND PROCEDURAL HISTORY

On August 3, 1993, plaintiff filed this class action, for himself and others similarly situated, in Terrebonne Parish against NME and St. Charles Hospital[1]. The petition alleged that plaintiff was a patient at St. Charles Hospital on or about February 5, 1992, and again on or about June 22, 1992. The petition further alleged that as a condition of admission and/or treatment, plaintiff, and all class members, were required to sign a form which guaranteed payment for the entire amount of the bills incurred for treatment rendered. The petition then alleged that by signing this agreement, plaintiff and all class members agreed to pay reasonable charges for pharmaceuticals, medical supplies and laboratory services incident to the hospital's care and treatment.
The crux of the allegations set forth in the remainder of the petition is that the bills received by plaintiff, and other class members, imposed excessive and unreasonable overcharges for pharmaceuticals, medical supplies and laboratory services incidental to hospital treatment and care. The relief sought through this action includes "money had and received and for unjust enrichment."
Defendants filed several objections to the suit, two which are the subject of this appeal. St. Charles Hospital filed a declinatory exception pleading the objection of improper venue claiming that Terrebonne Parish was not the proper venue because it was domiciled in Orleans Parish. St. Charles Hospital later established that the parish designated as its principal business establishment in its application to do business in this state was Jefferson Parish. NME filed a declinatory exception pleading the objection of lack of personal jurisdiction. NME contended that it was not domiciled in this state. NME further contended that it was not licensed to do business in this state nor did it transact business in this state.
The trial court sustained the declinatory exception pleading the objection of lack of personal jurisdiction and dismissed the case against NME. The trial court also sustained the declinatory exception pleading the objection of improper venue raised by St. Charles Hospital and transferred the case to Jefferson Parish.
Plaintiff has appealed, alleging the following assignments of error for our review:
1.
The district court erred in dismissing the petition against National Medical Enterprises, Inc. (NME) based on lack of personal jurisdiction.
2.
The district court erred in granting defendant's exception of improper venue and in transferring the matter to Jefferson Parish.
3.
The district court erred by not allowing plaintiff time within which to amend the petition pursuant to La.C.C.P. art. 932 regarding Louisiana's personal jurisdiction over National Medical Enterprises, Inc. (NME).[2]

ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE
Through these assignments of error, plaintiff contends that the trial court erred in dismissing the petition against NME based on lack of personal jurisdiction. Plaintiff further contends that the trial court erred in not allowing him to amend the petition pursuant to LSA-C.C.P. art. 932.
To assert personal jurisdiction over a non-resident defendant, the Louisiana long-arm *607 statute, LSA-R.S. 13:3201 provides, in pertinent part, as follows:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possession a real right on immovable property in this state.
* * * * * *
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of the state and of the Constitution of the United States.
LSA-R.S. 13:3204 authorizes service by certified mail to a defendant over whom personal jurisdiction is obtained under LSA-R.S. 13:3201. Atkins v. Atkins, 588 So.2d 407, 409 (La.App. 2nd Cir.1991).
The intent of LSA-R.S. 13:3201 is to extend personal jurisdiction of Louisiana courts over nonresidents consistent with the due process clause of the Fourteenth Amendment. Robinson v. Vanguard Insurance Company, 468 So.2d 1360, 1365 (La.App. 1st Cir.), writs denied, 472 So.2d 34, 924 (La. 1985); Soileau v. Evangeline Farmer's Co-op, 386 So.2d 179 (La.App. 3rd Cir.1980).
Due process requires that, in order to subject a non-resident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 104 (La.1991); see also International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945); Burger King Corporation v. Rudzewicz, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984).
In interpreting the due process clause, the United States Supreme Court has recognized a distinction between two types of personal jurisdictiongeneral and specific jurisdiction. Burger King Corporation v. Rudzewicz, 471 U.S. at 473, 105 S.Ct. at 2182, Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. at 416, 104 S.Ct. at 1872. When a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the state is exercising specific jurisdiction over the defendant. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d at 115. When a state exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the state is exercising general jurisdiction. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d at 115. Where a forum seeks to exercise specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful minimum contacts is satisfied when the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries arising out of or related to those activities. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d at 106. When the cause of action, however, does not arise out of the defendant's purposeful contacts with the forum, due process requires that the defendant be engaged in continuous and systematic contact to support the exercise of general jurisdiction. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d at 115. Whether or not *608 a particular defendant has sufficient minimum contacts with a state is to be determined from the facts and circumstances of each case. Funai v. Air Center, Inc., 499 So.2d 669, 671 (La.App. 3rd Cir.1986); Soileau v. Evangeline Farmer's Co-op, 386 So.2d at 182.
In Louisiana, regardless of whether personal jurisdiction is being sought under the specific or general jurisdictional analysis, the court must apply the two-part minimum contacts/fairness analysis test. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d at 109.
The plaintiff has the burden to prove that the court's assertion of personal jurisdiction over the non-resident defendant is appropriate. Once the plaintiff has established that the defendant has had sufficient minimum contacts with the forum state, a presumption arises that the assertion of personal jurisdiction by the state court is reasonable. The burden then shifts to the defendant to prove that the state court's assertion of personal jurisdiction would be unreasonable in light of traditional notions of fair play and substantial justice. See de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d at 107.
In his petition, plaintiff named as a defendant NME and St. Charles Hospital. The petition then stated that each of these defendants will be referred to as "the Defendant" or "the hospital" throughout the petition. Thereafter, allegations are made that plaintiff, and other class members, were overcharged by "the hospital" or "the Defendant" for services rendered.
In his opposition to the exceptions filed by NME and St. Charles Hospital, plaintiff filed several exhibits, in a stated attempt to show that (1) NME had gained substantial profits from Louisiana citizens[3]; (2) St. Charles Hospital is an NME owned entity[4]; and (3) NME was doing business in Louisiana as St. Charles General Hospital and National Medical Enterprises Hospitals, Inc[5].
NME introduced evidence which established that it is a Nevada corporation, which withdrew from doing business in Louisiana on May 21, 1984. Additionally, there is evidence in the record that NME owns 100% of the stock of NME Hospitals, Inc. d/b/a St. Charles General Hospital.
Based upon the record before us, we cannot say that the trial court erred in sustaining the declinatory exception pleading the objection of lack of personal jurisdiction. The main thrust of plaintiff's petition is that he and other class members were overcharged by "the hospital" or "the Defendant" for medical supplies, laboratory services, and pharmaceuticals incident to treatment. By referring to both NME and St. Charles Hospital in the petition as "the hospital" or "the Defendant", it is impossible to ascertain which defendant committed what act. We also note that the petition failed to allege what, if any, relationship exists between the named defendants, NME and St. Charles Hospital, although plaintiff later alleged that NME was the parent company of St. Charles Hospital.
The mere allegation that NME is the parent company of St. Charles Hospital is not enough to support the assertion of personal jurisdiction over NME. See Dalton v. R & W Marine, Inc., 897 F.2d 1359, 1363 (5th Cir.1990). Plaintiff does not allege any activity on the part of NME. Instead, it attempts to attribute the acts of St. Charles Hospital to NME by virtue of their corporate relationship.
Plaintiff argues that if this court finds that he has failed to allege sufficient grounds to assert personal jurisdiction, he should be allowed to amend his petition, pursuant to *609 LSA-C.C.P. article 932 which provides as follows:
When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.
Under the facts before us, we hold that the trial court erred in dismissing the suit against NME without first affording plaintiff an opportunity to amend his petition. Thus, we remand this case to the trial court to enter an order allowing plaintiff a delay within which to amend his petition. The trial court may also conduct a contradictory hearing on the declinatory exception in accordance with LSA-C.C.P. art. 930[6].

ASSIGNMENT OF ERROR NUMBER TWO
Through this assignment of error, plaintiff complains that the trial court erroneously ruled that venue was improper as to St. Charles Hospital in Terrebonne Parish, and should not have transferred the matter to Jefferson Parish.
Under LSA-C.C.P. art. 42(4), an action against a foreign corporation licensed to do business in this state shall be brought in the parish where its primary place of business in the state is located, or in the parish designated as its principal business establishment in its application to do business in the state. The record established that St. Charles Hospital is a Delaware corporation authorized to do business in Louisiana, with Jefferson Parish designated as its principal business establishment.
Plaintiff concedes that venue would be proper as to St. Charles Hospital in Jefferson Parish if NME were not a defendant. However, plaintiff contends if personal jurisdiction can be asserted over NME, then venue will be proper in Terrebonne Parish for NME and for St. Charles Hospital. LSA-R.S. 13:3203; LSA-C.C.P. art. 73.
Based on the record before us, the trial court was correct in sustaining the declinatory exception pleading the objection of improper venue as to St. Charles Hospital, and transferring the matter to Jefferson Parish. However, if plaintiff, on remand, is able to establish personal jurisdiction over NME, then venue will be proper in Terrebonne Parish as to both NME and St. Charles Hospital.

CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining the declinatory exception pleading the objection of lack of personal jurisdiction is affirmed. The judgment of the trial court dismissing the suit against National Medical Enterprises, Inc. is reversed, and this case is remanded to the trial court to enter an order allowing plaintiff a delay within which to amend his petition. The judgment of the trial court sustaining the declinatory exception pleading the objection of improper venue as to St. Charles Hospital is affirmed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The petition alleged that both of these entities were "under license from the State of Louisiana."
[2] Defendants filed a motion to strike a portion of plaintiff's brief (pages ix and x), alleging that this portion addressed issues not before the court on appeal. Defendants further alleged that plaintiff cited "evidence" which was not introduced at the trial court. We agree, and pursuant to Rule 2-12.13 of the Uniform Rules of Courts of Appeal, that portion of plaintiff's brief is hereby stricken.
[3] We are unable to ascertain the nature of the document submitted by plaintiff purporting to be "cost reports." Plaintiff also submitted a document entitled, "National Medical Enterprises, Inc. 1993 Annual Report".
[4] The documents submitted by plaintiff were diagnostic request forms on which was pre-printed, "St. Charles General Hospital, A National Medical Enterprises, Inc. Health Care Facility, New Orleans, Louisiana".
[5] Plaintiff submitted a "Disclosure of Ownership and Control Interest Statement", allegedly provided to the Department of Health and Human Services.
[6] LSA-C.C.P. art. 930 provides, in pertinent part:

On the trial of the declinatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition, the citation, or return thereon.
* * * * * *