662 So.2d 507 (1995)
FIRST PROGENITOR, L.L.C. D/B/A Pro Auto Sales
v.
LAKE FINANCIAL SERVICES, INC.
No. 95-CA-251.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 1995.
Rehearing Denied November 17, 1995.
G. Patrick Hand, Jr., Robert J. Mason, Gretna, for Plaintiff/Appellee.
Bernard J. Rice, III, Gretna, for Defendant/Appellant.
Before GOTHARD and CANNELLA, JJ., and CHEHARDY, J. Pro Tem.
GOTHARD, Judge.
This is an appeal of a trial court judgment rendered in favor of the plaintiff in the *508 amount of $6,075.00. For the following reasons, we affirm.

FACTS
The plaintiff in this matter, First Progenitor, L.L.C., d/b/a Pro Auto Sales (hereafter, Pro Auto Sales), is engaged in the business of selling used cars. In 1993, Elmore Shepard, a sales representative for defendant, Lake Financial Services, Inc. (hereafter, Lake Financial), approached Errol Arena, the manager at Pro Auto Sales, regarding financing used car sales to consumers. Lake Financial is engaged in the business of brokering automobile financing for Auto Marketing Network, Inc. (hereafter, AMN).
On October 9, 1993, after finding prospective buyers for a 1987 Chevrolet pickup, Mr. Arena faxed a copy of a credit application from the prospective buyers to Mr. Shepard at Lake Financial, who in turn faxed it to AMN. AMN reviewed the application and approved the financing to the individuals. Thereafter, on October 13, 1993, Mr. Shepard went to Pro Auto Sales and executed a "Retail Installment Contract and Security Agreement" with Gerald Skillen and Gregory Standridge, the prospective buyers. The agreement listed Lake Financial as the seller and Skillen and Standridge as the buyers. After Skillen and Standridge executed the agreement, and Skillen wrote a $700 check to Pro Auto Sales as a downpayment on the pickup, Mr. Arena released the vehicle to Skillen and Standridge. Skillen subsequently absconded with the vehicle, failing to pay any of the debt.[1]
On January 18, 1994, Pro Auto Sales filed a "Petition in Suit for Damages for Breach of Contract" against Lake Financial in the Second Parish Court for the Parish of Jefferson, State of Louisiana, alleging Lake Financial failed to honor their contractual agreement with Pro Auto Sales to pay $6,075.00 for the pickup. The matter proceeded to trial on November 15, 1994. Thereafter, on January 9, 1995, the trial court rendered judgment in favor of Pro Auto Sales, awarding $6,075.00, plus legal interest at the rate of 7% from the date of judicial demand until paid, and for all costs of the proceedings. Lake Financial has appealed, asserting as its errors:
I. The trial court erred when it found that Lake Financial had entered into a contract to provide financing to Pro Auto Sales when only a contract of sale was put at issue and pled in plaintiff's pleadings.
II. The trial court erred when it found that Errol Arena was an agent for Lake Financial.
III. The trial court erred in finding that Errol Arena was clothed by Lake Financial with apparent authority so as to bind Lake Financial to the financing agreement.

ANALYSIS
With regards to Lake Financial's first assignment of error, we find that the trial court properly addressed the contractual obligations between the parties, and properly found that Mr. Arena and Mr. Shepard entered into a binding agreement wherein Lake Financial would pay Pro Auto Sales $6,075.00 for the pickup, and that Lake Financial would sell the pickup to Skillen and Standridge pursuant to the "Retail Installment Contract and Security Agreement."
On appeal, Lake Financial argues that no sale between Pro Auto Sales and Lake Financial was shown at trial. We disagree. LSA-C.C. art. 2441 provides for the verbal sale of a movable. Further, LSA-C.C. art. 2456 provides:
The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.[2]
At trial, Mr. Arena testified that he and Mr. Shepard agreed that Lake Financial would pay Pro Auto Sales $6,075.00 for the *509 pickup, and that Lake Financial would sell it to Skillen and Standridge. Mr. Arena also testified that he was not present when the contract between Lake Financial and Skillen and Standridge was executed. Moreover, Mr. Shepard testified at trial that Lake Financial typed up the contract and that Lake Financial is listed on the contract as the seller of the pickup. While Mr. Shepard also testified that Lake Financial did not agree to purchase the vehicle from Pro Auto Sales, Mr. Arena testified that an agreement was made.
It is well settled that a court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State Through DOTD, 617 So.2d 880, 882 (La. 1993). Furthermore, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review where a conflict exists in the testimony. Id., citing Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). After a thorough review of the record before us, we find that the trial court's finding of fact regarding the agreement between Pro Auto Sales and Lake Financial was reasonable, and therefore not manifestly erroneous.
With regards to Lake Financial's final two assignments of error, we find that neither has merit. Both assignments address the trial court's reasons for judgment, wherein a typographical error was made. The reasons refer to Mr. Shepard as Mr. Arena. This error has been subsequently corrected by the trial court, which issued amended reasons for judgment wherein Mr. Shepard is properly listed. The issue is therefore moot.
More importantly, it must be noted that a "trial court's written reasons, while defining and elucidating the principles upon which he is deciding a case, form no part of the official judgment he signs and from which appeals are taken." Western World Ins. Co., Inc. v. Paradise Pools & Spas, Inc., 633 So.2d 790, 792 (La.App. 5 Cir.1994), citing LSA-C.C.P. art. 1917, 1918.
For the foregoing reasons, the January 9, 1995 judgment of the trial court, awarding plaintiff $6,075.00, together with 7% legal interest from the date of judicial demand until paid, plus costs, is hereby affirmed.
AFFIRMED.
NOTES
[1] The $700 check Skillen wrote to Pro Auto Sales was returned "N.S.F."
[2] Article 2456 has been amended by Acts 1993, No. 841. However, Section 4 of No. 841 provides that "[t]he provisions of this Act shall become effective on January 1, 1995; ... and shall not affect any sales transaction executed before January 1, 1995 ..." Since the sale in question occurred in 1993, the above-quoted language is applicable.