| j GOTHARD, Judge.
12PIaintiff, Randall Roussell, appeals a judgment rendered in favor of defendant, Miriam Roussell. For the following reasons, we affirm.
FACTS/PROCEDURAL HISTORY
Randall and Miriam Roussell were married on August 21, 1982. In July of 1988, the parties were legally separated and they eventually divorced in May of 1994. The marriage produced one child, Gloria Roussell, who was born on May 13, 1987. On January 24, 1989, a judgment was rendered which awarded the parties joint custody of their minor child. The judgment stipulated that Miriam Roussell would be the domiciliary parent, with Randall Roussell having visitation rights.
In January of 1990, Miriam Roussell filed a rule requesting that the court terminate Randall Roussell’s visitation rights based on his allegedly sexually abusing his daughter. The court suspended Randall Roussell’s visitation rights from January until April of 1990, pending the outcome of the trial on the rule. On April 11, 1990, the parties entered into a consent judgment which reinstated Randall Roussell’s visitation rights.
|3In March of 1992, Gloria Roussell, who at the time was four and a half years old, accused her father of sexually abusing her. As a result of his daughter’s accusations, Randall Roussell was investigated by the Jefferson Parish police and district attorney’s office but was not charged with any crime. In October of 1992, Miriam Roussell again filed a rule to terminate visitation. Additionally, she hired a psychologist, Dr. Susanne Chabaud, to examine Gloria Roussell and analyze her allegations against her father. Dr. Chabaud concluded that Gloria Roussell had been molested and proceeded to treat her accordingly. Pending the outcome of the trial on the rule, Randall Roussell’s visitation rights were again suspended.
On March 16, 1993, following a trial on the merits, the court rendered judgment in favor of Randall Roussell, denying Miriam Rous-sell’s rule to terminate visitation. The court based its ruling on the fact that “no substantial evidence exist[ed] to prove that Randall Roussell molested his daughter.” However, because of the likely impact of the judicial proceedings on Gloria Roussell, the court did not order that visitation be immediately resumed. Instead, the court ordered that the child be placed in therapy with Deanna Miles, with the goal of the therapy being to reunite Randall Roussell and his daughter on a normal visitation schedule.
Following the resolution of the trial on the rule to terminate visitation, Randall Roussell filed an action against Dr. Chabaud in the 24th Judicial District Court. He sought damages for himself individually and for his daughter based on Dr. Chabaud’s treatment, which allegedly caused the loss of his right of visitation. Dr. Chabaud responded with the following four exceptions: (1) a lack of procedural capacity in regard to Gloria Roussell’s claim in that Randall Roussell is not the tutor of the minor child; (2) nonjoinder of an indispensable party; (3) no right of action; and (4) no cause of action.
| thereafter, Randall Roussell filed a rule to show cause for visitation and for limited sole tutorship of his minor daughter. A hearing on the rule was set for June 16,1994. Prior to the hearing, on June 15, 1994, Randall Roussell filed a motion to dismiss his rule without prejudice. On June 16, 1994, the trial court ruled iipon the motion to dismiss the rule. The court granted the motion to dismiss, but did so with prejudice rather than without. From this ruling, Randall Roussell took an appeal to this court. *614 We held that the trial court erred in granting the dismissal with prejudice and thus vacated and set aside its order and remanded the case for further proceedings. See Roussell v. Roussell, 94-742, 94-743 (La.App. 5th Cir. 1/31/95), 650 So.2d 373.
On remand, the trial court held a hearing at which Miriam Roussell offered into evidence the entire record of the proceeding leading up to the instant rule. Randall Roussell chose not to introduce any evidence. The court again dismissed the rule to show cause for visitation and for limited sole tutorship with prejudice. From this judgment, Randall Roussell has appealed.
DISCUSSION
The only issue before us is whether the trial court erred in denying Randall Rous-sell’s rule to be appointed to a limited sole tutorship for the purpose of bringing suit on behalf of his daughter against Dr. Chabaud.
La.C.C.P. art. 683(A) provides that an “un-emancipated minor does not have the proce-, dural capacity to sue.” Thus, the “tutor appointed by a court of this state is the proper plaintiff to sue to enforce a right of an unemancipated minor, when one or both of the parents are dead, the parents are divorced or judicially separated, or the minor is an illegitimate child.” La. C.C.P. art. 683(B). Randall Roussell’s rule for limited sole tutorship is based on La. C.C.P. art. 4031(B), which deals specifically Iswith situations where the parents of a minor are divorced and have joint custody. This article states that “either parent may file a petition ... for appointment as tutor for the limited purpose of enforcing a particular right or compromising a particular claim of an unemancipated minor if the other parent fails or refuses to do so.”
In'appointing or removing a tutor, the minor’s best interest is paramount. See La.C.C.P. art. 4234. Furthermore, the jurisprudence has established that the trial court is granted a certain degree of discretion in determining what is in the minor’s best interest. Redmond v. Davis, 351 So.2d 1256 (La.App. 1st Cir.1977), writ denied sub nom. In re Interdiction of Redmond, 353 So.2d 1341 (La.1978). The determination of the minor’s best interest is a factual one and thus is subject to the manifest error standard of review. See Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the instant case, the trial court determined that the appointment of Randall Roussell to be the limited sole tutor of Gloria Roussell for the purpose of bringing suit against Dr. Chabaud would not be in the best interest of the child. The court reasoned that appointing Randall Roussell as tutor to his daughter would effectively force him into a legal relationship with the child when no personal relationship exists at present between the two. The court noted that forcing such a relationship might endanger any progress that had been made by Gloria Roussell in therapy towards having a relationship with her father. Finally, the court noted that appointing Randall Roussell as tutor to his daughter would intensify the conflict between the two parents. The court reasoned that this result would likely cause further harm to the minor child and thus was not in her best interest. '
After reviewing the record, we find no manifest error in the trial court’s conclusion that it is not in Gloria Roussell’s best interest for her father to be appointed as her tutor. It is reasonable to conclude, as the trial court did, that under |6the present circumstances more harm than good would come to Gloria Roussell if her father was appointed her tutor. Accordingly, we hold that the trial court did not abuse its discretion in dismissing the rule.
We also note that the trial court did not err in denying Randall Roussell’s rule with prejudice. Our previous decision in this case, where we vacated and set aside the trial court’s dismissal of the rule with prejudice, was based on the fact that no hearing had been held and thus no evidence had been presented to the court. Roussell, 650 So.2d at 375; see La.C.C.P. art. 1672. Here, a hearing was held at which Miriam Roussell introduced into evidence all the prior testimony in the case, as well as certain documents that were considered in camera by the court. Randall Roussell had the opportunity to introduce evidence at the hearing but de- *615 dined to do so. Based on the foregoing, we conclude that it was appropriate for the trial court to dismiss the rule with prejudice.
However, we further note that the dismissal with prejudice only pertains to Randall Roussell’s rule for limited sole tutorship to bring suit against Dr. Chabaud on behalf of his daughter. That is, Randall Roussell is not precluded by this judgment from seeking tutorship of his daughter in other appropriate situations.
Finally, we recognize that the trial court refused to. resolve the question of Randall Roussell’s visitation rights. However, the appellant did not assign as error the trial court’s refusal to address this issue. Therefore, it is beyond the scope of our review. See Rule 1-3, Uniform Rules of Louisiana Courts of Appeal.
Based on the foregoing, the judgment appealed from is affirmed.
AFFIRMED.