laCANNELLA, Judge.
Plaintiff, Lynn Pershing Hogan, appeals from a judgment of the Office of Worker’s Compensation rendered in favor of his employer, Witco Corporation, dismissing plaintiffs claim with prejudice. For the reasons which follow, we amend and affirm as amended.
On January 30, 1995 plaintiff filed a claim in the Office of Worker’s Compensation for an occupational disease. Simultaneously, he filed an executive officer/intentional tort damage suit in the 29th Judicial District. Plaintiff then filed a Motion for Non-Expedited Treatment in the workers compensation case, arguing that the discovery required would be prolonged, necessitating slower progress of the case than is customary in such cases. That motion was denied, reurged and again denied. The ease was thereafter set for trial in September of 1995. On September 1, 1995, a defense motion for continuance was granted and the trial was reset for January 8,1996. On September 12, 1995, plaintiff filed a motion to stay the worker’s compensation trial. He urged, as reasons in support of the stay, Rthat (1) defendant was adverse to a single tract discovery and that dual tract discovery was costly and time consuming to plaintiff, (2) two proceedings on the same issue is needlessly repetitious, since the outcome of the tort case could render the compensation case moot, and needlessly expensive by paying expert fees twice, attorney time twice, etc, and (3) by forcing the compensation case first, defendant would preview plaintiffs case to which it would not be entitled under discovery rules. Defendant opposed the motion to stay the worker’s compensation trial and the hearing officer denied the motion.
At that point, as asserted in plaintiffs memoranda in support of his motion to dismiss without prejudice, plaintiffs counsel was instructed by his client to take no steps in further prosecution of the worker’s compensation claim. Under worker’s compensation rules of procedure, a dismissal without prejudice would be entered for non-prosecution. However, as a courtesy to the court, plaintiffs counsel notified the compensation office of his client’s instructions. Then, upon request of the compensation office, plaintiffs counsel filed a motion to dismiss without prejudice. Defendant filed an opposing memorandum and argued that the hearing officer should dismiss plaintiffs case with prejudice.
On November 6, 1995, the hearing officer rendered judgment dismissing plaintiffs case with prejudice. It is from this judgment that plaintiff now appeals.
On appeal plaintiff argues that the hearing officer erred in dismissing his suit with prejudice. We agree.
The hearing officer relied on La.C.C.P. art. 1671 in support of his ^decision to dismiss plaintiffs suit with prejudice. La.C.C.P. art. 1671 provides:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant *116 the judgment of dismissal except with prejudice.
Defendant argued, and the hearing officer concluded, that since defendant had made a general appearance, under La.C.C.P. art. 1671, he had the option of granting the motion to dismiss with or without prejudice.
This circuit has addressed this issue and ruled contrary to defendant’s position. Roussell v. Roussell, 94-742 c/w 94-743 (La. App. 5th Cir. 1/31/95), 650 So.2d 373; R.G.C. Investments, Inc. v. Almerico, 435 So.2d 1043 (La.App. 5th Cir.1983), writ denied, 438 So.2d 574 (La.1983).
In Roussell, we considered the same question presented here, whether, under La. C.C.P. art. 1671, the judge presented with plaintiffs motion to dismiss without prejudice, can sign the dismissal with prejudice. Relying on the well reasoned opinion in R.G.C., with which we are still in accord, this court ruled that the trial judge could not act on plaintiffs motion to dismiss without prejudice by dismissing the case with prejudice. After considering the contrary Third Circuit decision in State v. Skyeagle, 345 So.2d 189 (La.App. 3rd Cir.1977), writ denied, 347 So.2d 261 (La.1977), this court concluded:
We believe the better-reasoned interpretation of Article 1671, in light of the varying language of Articles 1671 and 1672, is that the legislature intended that under Article 1671 the court should have the power to refuse a voluntary dismissal | swithout prejudice where the defendant has made a general appearance, thus choosing to grant the voluntary dismissal only if the plaintiff agrees it be a dismissal with prejudice. We do not believe the language of Article 1671 can correctly be interpreted as giving the court discretion to convert the dismissal without prejudice into a dismissal with prejudice.
Roussell, 650 So.2d at 374.
Therefore, in accord with Roussell and R.G.C., we find that the hearing officer erred in ordering plaintiffs case dismissed with prejudice, where the only motion before him was plaintiffs motion for dismissal without prejudice.
Moreover, under the authority of La. C.C.P. art. 2164, requiring the appellate court to render judgment which is legal and proper upon the record before it, we farther find that, under the circumstances of this case, plaintiffs motion to dismiss his case without prejudice should have been granted.
Plaintiff has filed a tort action against the executive officers of his employer for damages which he alleged that he has suffered as a result of an employment related disease which he has contracted. Without passing judgment on the outcome of this case, we note that plaintiff has a legal right to prosecute this action. Moving forward in both cases, the worker’s compensation case and the tort case, is judicially inefficient because resolution of the tort case could render the compensation case moot. Further, the compensation provisions for speedy resolution of claims were enacted to benefit the claimant, and not to be used to the claimant’s detriment in favor of the employer. Finally, it is noted that the dismissal with prejudice in the compensation case could have adverse ramifications to |6plaintiff based on res judicata principles. La.C.C.P. art. 1673.
Accordingly, we amend the ruling of the hearing officer, which erroneously acted on plaintiffs motion to dismiss his worker’s compensation claim without prejudice by ordering that the dismissal be without prejudice, and affirm as amended.

AMENDED AND, AS AMENDED, AFFIRMED.