685 So.2d 614 (1996)
NORTHSHORE REGIONAL MEDICAL CENTER
v.
PARISH OF ST. TAMMANY, et al.
NME HOSPITALS, INC., d/b/a Northshore Regional Medical Center
v.
PARISH OF ST. TAMMANY, et al.
No. 96 CA 0717.
Court of Appeal of Louisiana, First Circuit.
December 20, 1996.
Jesse R. Adams, Jr., New Orleans, for plaintiff/appellant, Northshore Regional Medical Center.
Robert D. Hoffman, Jr., New Orleans, for defendants/appellees, Parish of St. Tammany, et al.
Robert B. Sutherlin, Covington, for defendants/appellees, Parish of St. Tammany, et al.
Harry Pastuszek, Jr., Mandeville, for defendant, St. Tammany Parish School Board.
Before WHIPPLE, PITCHER and FITZSIMMONS, JJ.
WHIPPLE, Judge.
Plaintiff appeals from a trial court judgment, dismissing its suit with prejudice. Defendants *615 have answered the appeal, asserting additional grounds in favor of dismissal with prejudice. For the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
On December 15, 1993, the Tax Collector of St. Tammany Parish issued a tax assessment against "Northshore Regional Medical Center," ("Northshore") in the amount of $1,061,540.00 for sales or use taxes, interest and penalties allegedly owed for the period December, 1989 through September, 1993. Apparently, payment in the amount of $275,035.00 was remitted without protest. Thereafter, on September 19, 1994, an entity named "NME Medical, Inc." paid the balance of the assessment under protest on behalf of Northshore.[1]
On that same day, a suit for refund of the $786,505.00 paid under protest ("the first suit") was filed by "Northshore Regional Medical Center," naming as defendants St. Tammany Parish School Board, the Sheriff of St. Tammany Parish, the Secretary-Treasurer of St. Tammany Parish School Board and the St. Tammany Parish Police Jury ("defendants").
In response to the petition, defendants filed a dilatory exception raising the objection of lack of procedural capacity and peremptory exceptions raising the objections of no right of action, no cause of action and prescription. In support of the exceptions, defendants alleged that Northshore was not a proper party to bring the suit, because "Northshore Regional Medical Center" was merely a trade name registered to National Medical Enterprises, Inc., a corporation no longer qualified to do business in the state; that Northshore had no right or cause of action, because the taxes were actually paid by third party, NME Medical, Inc., also not authorized to do business in Louisiana; and that any claim for refund had prescribed because a suit for refund had not been filed by the proper party within thirty days of payment under protest.
Northshore then amended its original petition to substitute "Northshore Regional Medical Center, the trade name of NME Hospitals, Inc." as party plaintiff in place of "Northshore Regional Medical Center."[2] Thus, by the amendment, Northshore simply added the above explanatory phrase to the originally named plaintiff.[3]
On October 2, 1995, defendants filed a motion to set their exceptions for hearing. Thereafter, on October 27, 1995, Northshore forwarded a second payment under protest in the amount of $786,505.00, the first check having never been negotiated by the Tax Collector. On that day, a second suit for refund was filed in the name of "NME Hospitals, Inc., doing business as, Northshore Regional Medical Center" ("the second suit"). Northshore and NME Hospitals, Inc., the particular named plaintiffs in the two suits, then moved to consolidate the two lawsuits, which was accomplished by order dated November 6 and 9, 1995.
Thereafter, Northshore filed a motion to dismiss without prejudice the first suit. The motion to dismiss without prejudice was heard along with defendants' exceptions on December 11, 1995. On December 28, 1995, the trial court issued written reasons for judgment in which it concluded that dismissal without prejudice of the first suit would affect substantial rights and just defenses of defendants which would not be available in the second suit. Thus, the trial court concluded that the first suit should be dismissed *616 with prejudice. The court also found that no ruling was necessary on defendants' exceptions, because dismissal of the first suit with prejudice rendered them moot. Accordingly, by judgment dated January 23, 1996, the trial court dismissed Northshore's suit with prejudice.
From this judgment, Northshore appeals, assigning the following as error:
(1) The trial court abused its discretion under LSA-C.C.P. art. 1671 by dismissing Northshore's suit with prejudice; and
(2) The trial court erred in concluding that defendants' exceptions had merit, because it failed to recognize that pursuant to LSA-C.C.P. art. 1153, Northshore's amended petition related back to the date of filing of the original petition, or, alternatively, the trial court abused its discretion by not allowing Northshore to amend its petition as provided in LSA-C.C.P. art. 934.
Defendants answered the appeal, averring that the trial court incorrectly stated that defendants' exceptions were rendered moot by dismissal of the first suit with prejudice, when the clear language of the reasons for judgment actually had the effect of maintaining those exceptions. Thus, defendants ask this court to modify the trial court's judgment to maintain their exceptions as additional grounds for the dismissal with prejudice.

MOTION TO DISMISS WITHOUT PREJUDICE

(Plaintiff's Assignment of Error No. 1)
Louisiana Code of Civil Procedure article 1671 provides as follows:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
After the defendant has made an appearance, as in the present case, a plaintiff's right to dismiss rests within the sound discretion of the court. LSA-C.C.P. art. 1671, official comment (b). However, the courts have generally held that the trial court's discretion to dismiss a suit without prejudice is limited when substantive rights of the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense.[4]Oliver v. Davis, 95-1841, p. 4 (La. App. 1st Cir. 8/12/96); 679 So.2d 462, 464, writ denied, 96-2267 (La.11/15/96); 682 So.2d 773; City National Bank v. Anlage, 448 So.2d 199, 200 (La.App. 1st Cir.1984); First City Bank v. Lee, 576 So.2d 544, 546 (La. App. 4th Cir.1991); Rourke v. Coursey, 338 So.2d 1197, 1199 (La.App. 3rd Cir.1976).
The question still remains, however, as to what action the trial court has the authority to take pursuant to LSA-C.C.P. art. 1671. In State v. Skyeagle, 345 So.2d 189, 193 (La.App. 3rd Cir.), writ denied, 347 So.2d 261 (La.1977), the Third Circuit Court of Appeal held that after a general appearance by the defendant, the trial court had authority to dismiss the plaintiff's suit with or without prejudice.
However, in Spencer v. Children's Hospital, 432 So.2d 823, 824-825 (La.1983), the Louisiana Supreme Court articulated the following with regard to the trial court's authority to dismiss plaintiff's suit with prejudice under LSA-C.C.P. art. 1671:
C.C.P. art. 1671 grants no such power to the judge. He is merely empowered to "refuse to grant the judgment of dismissal except with prejudice." Upon objection, the dismissal should not be granted with prejudice and the case should proceed.
Likewise, in R.G.C. Investments, Inc. v. Almerico, 435 So.2d 1043, 1046 (La.App. 5th Cir.), writ denied, 438 So.2d 574 (La.1983), decided within two weeks of the Supreme Court's decision in Spencer, the Fifth Circuit Court of Appeal held that under LSA-C.C.P. art. 1671, the trial court has the power to refuse a voluntary dismissal without prejudice *617 where the defendant has made a general appearance, thus choosing to grant the voluntary dismissal only if the plaintiff agrees to a dismissal with prejudice. The court, thus, concluded that LSA-C.C.P. art. 1671 did not give the trial court discretion to convert the dismissal without prejudice into a dismissal with prejudice. R.G.C. Investments, Inc., 435 So.2d at 1046; see also Hogan v. Witco Corporation, 96-77, p. 5 (La.App. 5th Cir. 8/28/96); 680 So.2d 114, 116; Roussell v. Roussell, 94-742, p. 4 (La.App. 5th Cir. 1/31/95); 650 So.2d 373, 374.
In accordance with Spencer and R.G.C. Investments, Inc., we also conclude that under LSA-C.C.P. art. 1671, the trial court lacks authority to act on a motion to dismiss without prejudice by dismissing the plaintiff's suit with prejudice. Rather, the court may refuse to grant the dismissal except with prejudice. If the plaintiff objects to a dismissal with prejudice, the motion to dismiss without prejudice should be denied, and the case should proceed. Spencer, 432 So.2d at 824-825; R.G.C. Investments, Inc., 435 So.2d at 1046.
Accordingly, the trial court erred in converting Northshore's motion to dismiss from a dismissal without prejudice to a dismissal with prejudice. Thus, the judgment dismissing the first suit with prejudice is reversed, and the matter will be remanded for further proceedings in accordance with this opinion.[5]

DEFENDANTS' DILATORY AND PEREMPTORY EXCEPTIONS

(Northshore's Assignment of Error No. 2; Defendants' Assignment of Error No. 1)
In its second assignment of error, Northshore contends that the trial court erred by concluding that defendants' exceptions had merit. Defendants, on the other hand, argue in their answer to appeal, that the trial court erred in concluding that their exceptions were rendered moot (and so stating in the court's reasons for judgment) when other language in the trial court's reasons for judgment had the effect of maintaining those exceptions. Thus, defendants ask this court to modify the judgment to specifically maintain their exceptions as additional grounds in support of dismissal with prejudice.
At the outset, we note that the trial court's statements in its reasons for judgment may seem inconsistent, as set forth by the parties' arguments above. However, a trial court's reasons for judgment, while defining and elucidating a case, form no part of the official judgment it signs and from which appeals are taken. First Progenitor, L.L.C. v. Lake Financial Services, Inc., 95-251, p. 5 (La. App. 5th Cir. 9/26/95); 662 So.2d 507, 509. It is clear from the judgment and the specific statement by the trial court in its reasons that the court deemed "the exceptions [were] rendered moot." Thus, we conclude that the trial court did not rule on defendants' exceptions. Accordingly, plaintiff's assignment of error is without merit.
Moreover, with regard to defendants' request that this court maintain their exceptions as additional grounds for dismissal with prejudice, we note that the arguments on all of the exceptions focus on plaintiff's alleged failure to name the proper party plaintiff in its petition. When the grounds of the objections pleaded in the dilatory and peremptory exceptions may be removed by amendment to the petition, the court shall not dismiss the suit without first affording the plaintiff an opportunity to amend its petition. LSA-C.C.P. arts. 933, 934; see Jasper v. National Medical Enterprises, Inc., 94-1120, pp. 7-8 (La.App. 1st Cir. 6/23/95); 657 So.2d 604, 609, writ denied, 95-1836 (La.10/27/95); 661 So.2d 1347. Thus, even if there is merit to any of defendants' exceptions, this would not support the trial court's judgment of dismissal with prejudice.
Furthermore, while this court has authority to consider defendants' exceptions which *618 were submitted to the trial court but not ruled upon, General Electric Company v. Dugas, 526 So.2d 854, 858 (La.App. 1st Cir. 1988), in light of the need for remand of this matter for further proceedings, as discussed above, we decline to rule on defendants' exceptions.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court dismissing plaintiff's suit with prejudice is reversed. This matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal in the amount of $649.50 are assessed against defendants.
REVERSED AND REMANDED.
NOTES
[1] There is no evidence in the record as to the relationship between "NME Medical, Inc." and any other entity involved herein.
[2] The record reveals that NME Hospitals, Inc., a Delaware corporation authorized to do business in Louisiana, owns the Northshore Regional Medical Center facility, but the trade name "Northshore Regional Medical Center" is actually owned by National Medical Enterprises, Inc., a Nevada corporation no longer authorized to do business in this state.
[3] We note that despite the amended petition, in some of its pleadings and in its brief to this court, plaintiff-appellant incorrectly refers to itself as "NME Hospitals, Inc., doing business as, Northshore Regional Medical Center." However, according to the amended petition, the named plaintiff is designated as "Northshore Regional Medical Center, the trade name of NME Hospitals, Inc."
[4] The rights affected by dismissal clearly must be substantive rights, not procedural rights of party litigants. City of New Orleans v. New Orleans Canal, Inc., 173 So.2d 43, 45 (La.App. 4th Cir.), writ refused, 247 La. 727, 174 So.2d 135 (1965).
[5] We express no opinion as to whether defendants have acquired any substantive rights or just defenses which could be adversely affected by dismissal without prejudice, inasmuch as such a determination possibly may only be made after a ruling on defendants' exceptions and additional amendment by plaintiff to its petition in an attempt to cure the alleged defects pursuant to LSA-C.C.P. arts. 933 and 934, if so ordered. If further amendment could not cure the alleged defects, then substantive rights of defendants may be at stake.