800 So.2d 1102 (2001)
David KAUFMAN
v.
ADRIAN'S TREE SERVICE, INC. and Adrian S. Juttner.
No. 2000-CA-2381.
Court of Appeal of Louisiana, Fourth Circuit.
October 31, 2001.
*1103 John H. Brooks, Gretna, LA, Counsel for Plaintiff/Appellee.
Harold P. Moore, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Judge CHARLES R. JONES, Judge, JAMES F. McKAY III and Judge DAVID S. GORBATY.
CHARLES R. JONES, Judge.
Defendants/Appellants, Adrian's Tree Service and Adrian Jutner, appeal the judgment of the city court for the Plaintiff/Appellee, David Kaufman, in the amount of $7,500 for damage to his trees plus $2,408 in attorney's fees. Following a review of the record, we affirm the judgment of the city court.

Facts and Procedural History
On March 21, 1998, David Kaufman found that seven of his crepe myrtle trees that form the colonnade at the entrance of his home had been cut back. Mr. Kaufman offered a reward to anyone having information about the incident. Several witnesses came forth and identified a man working out of an Adrian's Tree Service truck as having cut the trees.
As a result, Mr. Kaufman filed a petition for damages against Adrian's Tree Service and Adrian Jutner for the damage to his trees. The city court rendered judgment against the joint defendants in the amount of $7,500 plus $2,408 in attorney's fees for a total of $9,908. Adrian's Tree Service and Adrian Jutner filed the instant appeal.

CAUSATION
Adrian's Tree Service and Adrian Jutner (hereinafter "Adrian's"), raised three issues on appeal. The first of which is whether the city court erred in finding that Adrian's caused or committed the damages to Mr. Kaufman's trees.
Adrian's argue that no credible evidence was presented to support the Mr. Kaufman's claim or the city court's decision, in that Mr. Kaufman offered only unsubstantiated claims of his own and that his witnesses offered only irrelevant, conflicting and, as a whole, unreliable testimony. Adrian's further contend that testimony on their behalf was completely ignored and that Mr. Kaufman offered his witness *1104 money in exchange for favorable testimony. Adrian's also argue that these contentions collectively lead to erroneous findings by the city court.
Mr. Kaufman argues in response that all of the witnesses testified that the trees had been cut by an employee of Adrian's working out of an Adrian's Tree Service Truck, and that Mr. Jutner's testimony revealed that he never asked his employees if any of them cut Mr. Kaufman's trees. Also, Mr. Kaufman argues that testimony regarding the reward money he offered also came before the city court and obviously, the court found the testimony of Mr. Kaufman's witnesses, on the whole, to be more credible.
"The district court has much discretion in determining findings of fact and those findings may not be disturbed absent manifest error." Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). In this case, the city court found that Mr. Kaufman met his burden of proof based on two particular reasons. Firstly, Adrian's did not offer a defense as to whether it's employees were present on Mr. Kaufman's property on the particular day of the incident without permission. Secondly, that Mr. Kaufman's evidence pointed to a redheaded employee operating an Adrian's Tree Service truck on his property. Thus, we do not find that the actions of the district court were manifestly erroneous.

DAMAGE AWARD
The second issue raised by Adrian's was whether the district court erred in awarding damages to Mr. Kaufman for mental pain and anguish and in awarding damages of $500 per tree for a total of $3,500 to Mr. Kaufman for the damages to his trees.
Adrian's argues that Mr. Kaufman did not prove a compelling case for mental pain and anguish. Adrian's contend that Mr. Kaufman failed to show evidence of psychic trauma, counseling or treatment for said injury, and that the conduct was extreme and intentional.
Mr. Kaufman argues that the court considered the loss of the aesthetic value of the trees that were Mr. Kaufman's pride and joy as significant in the determination of damages for mental pain and anguish. Mr. Kaufman also argues that the trees were cut without motive except for malice, and he contends that he clearly demonstrated these points at trial.
"Reasons for judgment by a trial judge are not controlling and do not constitute the judgment of the court." Succession of Hackney, 97-859, p. 7 (La.App. 3 Cir. 2/4/98), 707 So.2d 1302, 1307, citing, Comeaux v. City of Ville Platte, 617 So.2d 1313, 1318 (La.App. 3 Cir.1993). "A trial court's reasons for judgment, while defining and elucidating a case, form no part of the official judgment it signs and from which appeals are taken." Northshore Regional Medical Center v. Parish of St. Tammany, 96-0717, p. 7 (La.App. 1 Cir. 12/20/96), 685 So.2d 614, 617 citing, First Progenitor, L.L.C. v. Lake Financial Services, Inc., 95-251, p. 5 (La.App. 5 Cir. 9/26/95), 662 So.2d 507, 509.
In the instant case, the reasons for judgment, as orally provided in open court, placed a value of $500 per tree for a total of $3,500 for the trees and $4,000 for mental distress for a total of $7,500. However, the judgment to which this appeal is based simply states that the judgment was in favor of Mr. Kaufman and against the Appellants, in solido, in the sum of $7,500. Therefore, we shall not discuss the damage amount as given by the reasons for judgment, but from the judgment itself. Considering damages for mental pain and anguish was not made a part of the judgment, *1105 we focus solely on the judgment as it reads.
With respect to the damage award given, Adrian's argue that since the estate had a large number of stately, majestic trees, the trimming of seven crepe myrtles was inconsequential. Adrian's argue that the trees were merely trimmed and not completely lost also indicating an insignificant loss. Further, they contend that Mr. Kaufman failed to offer expert testimony as to the diminution in property value or the value of the trees, and should therefore only receive nominal damages.
Mr. Kaufman argues that he spent significantly more than the amount awarded raising the trees. He also contends that the trees were cut back so severely that they had not yet returned to their former state and would probably never do so. Mr. Kaufman argues that his witnesses testified that the trees were a unique matched set that could not be replaced and that the trees have ceased to flower.
The correct standard for appellate review of a damage award is clear abuse of discretion. Thoulion v. Jeanfreau, XXXX-XXXX, p. 10 (La.App. 4 Cir. 6/20/01), 794 So.2d 936. Standard of review for damage awards requires showing that trier of fact abused great discretion accorded in awarding damages and in apportioning fault; to constitute abuse of discretion, award or apportionment must be so high or so low in proportion to injury or fault that it shocks conscience. Parker v. Delta Well Surveyors, Inc., XXXX-XXXX, p. 3 (La.App. 4 Cir. 5/2/01), 791 So.2d 717. In deciding whether a trial court award was excessive, appellate courts must first consider the individual circumstances of the subject case to determine whether the trial court abused its much discretion in setting the award; only after determining that the award in the subject case was improper may an appellate court consider awards in similar cases. Garcia v. Louisiana Dept. of Transp. and Development, XXXX-XXXX, p. 9 (La.App. 4 Cir. 5/16/01), 787 So.2d 1142, 1148.
We do not find any abuse of discretion on the part of the city court. $7500 is not an abuse of discretion in light of the devaluation to the property's value. Neither party sought to establish a monetary value for the cut trees, therefore, they left the decision of determining an appropriate value for the damage to the trees to the discretion of the city court. It is apparent that the city court viewed the nature of the trees and the manner in which they adorned the property indicated an aesthetic value worth $7,500.

Attorney's fees
The last issue raised was whether the district court erred in awarding attorney's fees to the Plaintiff.
Adrian's argue that La. R.S. 3:4278.1 provides for attorney's fees for the victim when trees are "cut, fell[ed], remove[d],.... for sale or use ...." (emphasis added by the Appellant). They contend that no evidence was produced to show that Adrian's sold or used Mr. Kaufman's cut portions of the crepe myrtles.
Mr. Kaufman rebuts that the cutting of the trees is sufficient to invoke the provision of La. R.S. 3:4278.1 allowing for attorney's fees to be awarded. We agree.
The statute reads as follows:
A. It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent *1106 of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.
B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, plus reasonable attorney's fees. LA. R.S. 3:4278.1
(emphasis added)
The way the statute is written indicates that the words "divert for sale or use" are intended to be read together as one thought and not that the words cut, fell, destroy, and remove, also refer to the sale or use of the trees. The language of the statute indicates that all of those could not possibly relate to the sale or use of trees for how can one sell or use something that has been destroyed. Further, a comma would have been placed after the word divert if it were one of five prohibitions relating to the sale or use of the trees. Hence, this statute is appropriate and applicable in this situation, because reasonable attorney's fees are expressly allowed under this statute. Therefore, the city court did not commit manifest error in awarding attorney's fees.

DECREE
For the foregoing reasons, we hereby affirm the judgment of the city court.
AFFIRMED.