DAVID S. GORBATY, Judge.
Lin this appeal, plaintiffs contend that the trial court erred in sustaining the exception of lack of personal jurisdiction filed by Lakeside National Bank (“Lakeside”). For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

This lawsuit arises out of various contracts entered into between the plaintiffs and some of the defendants, not including Lakeside, regarding the construction and/or renovation of properties in Miami, Florida and New Orleans, Louisiana. Plaintiffs allege that two of the defendants, Michael C. Wilson, Jr. and Wilson & Meyer Custom Theater Interiors, LLC (“Wilson & Meyer”), took their money but failed to provide the services for which the payments were intended.
Plaintiffs assert that they wired money from their bank accounts to Wilson & Meyer’s bank account at Lakeside, a Texas bank that operates solely from a single office located in Rockwall, Texas. According to plaintiffs, Melinda Wilson, an employee of Lakeside and another co-defendant, processed these wire transfers and transferred the wired funds, pursuant to Wilson & Meyer’s instructions, to another account controlled by Wilson & Meyer. Plaintiffs allege that Lakeside is responsible for the activities of Melinda Wilson under the doctrine of respondeat \.2superior, and further that Lakeside was negligent in supervising Melinda Wilson’s employment activities.
Lakeside filed an exception of lack of personal jurisdiction, arguing that Lakeside does not have sufficient minimum contacts to satisfy general jurisdiction. The trial court sustained the exception, dismissing all claims against Lakeside with prejudice. In its reasons for judgment, the court concluded that no amount of discovery would uncover any facts that establish jurisdiction because Lakeside has only one office located in Rockwall, Texas. Plaintiffs filed a Motion for New Trial, which was denied. Plaintiffs subsequently filed this appeal.

DISCUSSION

Plaintiffs assert that the trial court erred in finding that it did not have jurisdiction over Lakeside. According to plaintiffs, the trial court failed to consider the allegations of specific jurisdiction, which is available when a suit arises out of or is related to the defendant’s contacts with the forum. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8-9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Plaintiffs argue that Melinda Wilson purposefully caused a consequence in Louisiana by diverting wire transfers coming from Louisiana to Texas. In addition, Melinda Wilson communicated with her husband about diverting the money, and her husband was in New Orleans on several occasions when money was sent to Lakeside. Since Melinda contacted her husband in Louisiana to further the fraud, plaintiffs aver, the court has specific personal jurisdiction over her, and thus has jurisdiction over her employer under the doctrine of respondeat superior.
In reviewing a judgment on an exception of lack of personal jurisdiction, the factual findings underlying the judg *924 ment are reviewed only for manifest error. Martin-Creech v. Armstrong, 42,649 (La.App. 2 Cir. 9/12/07), 965 So.2d 624. The ^application of the facts to established rules of law is a legal question, and thus, the legal issue of personal jurisdiction over a non-resident by a Louisiana court is subject to de novo review.
The Louisiana Long Arm Statute provides, in part, that “a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and the Constitution of the United States.” La. R.S. 13:3201(B). The intent of this Long Arm Statute is to “extend personal jurisdiction of Louisiana courts over nonresidents consistent with the due process clause of the Fourteenth Amendment,” which requires that the nonresident defendant have sufficient minimum contacts with the forum state, “such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice.” Jasper v. National Medical Enterprises, Inc., 94-1120 (La.App. 1 Cir. 6/23/95), 657 So.2d 604 (citations omitted). These minimum contacts must be sufficient for the nonresident defendant to “reasonably anticipate being haled into court” in the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).
In the instant ease, the trial court properly found that plaintiffs did not and could not sustain their burden of establishing sufficient minimum contacts to exercise either specific or general personal jurisdiction over Lakeside. Lakeside has but one office, which is located in Texas. It does not do business in Louisiana, has no office in Louisiana, has no employees in Louisiana, and has no assets in Louisiana. Lakeside does not advertise in Louisiana and does not solicit customers in Louisiana. In short, Lakeside is a local, independent bank serving the citizens of Rock-wall County, Texas with no connection to the state of Louisiana whatsoever.
|4Plaintiffs’ cause of action against Lakeside is based solely on the alleged actions of Melinda Wilson, a Lakeside employee. Melinda Wilson is a Texas domiciliary and resident and has no contacts with Louisiana. In this matter, her only alleged role was transferring funds in Texas, after plaintiffs voluntarily transferred funds from Louisiana to Texas, from the account of Wilson & Meyer, a Texas limited liability company, to the account of Michael Wilson, a domiciliary and resident of Texas. Plaintiffs do not allege that Lakeside or Melinda Wilson conducted any activities in Louisiana regarding the issues that form the basis of this lawsuit. Therefore, the alleged negligent acts for which plaintiffs seek to hold Lakeside responsible occurred in Texas, not Louisiana.
Drake v. Laboratory Corp. of America, 2007 WL 776818 (E.D.N.Y. Mar.13, 2007), involved a situation very similar to the one at hand. In that case, the court found that it could not establish jurisdiction over Lab-Corp, Kevin Wilson’s employer, as a result of the tortuous actions of Kevin Wilson, because all of Kevin Wilson’s allegedly conspiratorial acts occurred outside the forum state, even though Kevin Wilson allegedly conspired with co-conspirators acting within the forum state. The same reasoning applies here. Melinda Wilson did not act within the state of Louisiana, even though her alleged co-conspirators did. As such, even under Drake, jurisdiction is not proper over Melinda Wilson or Lakeside in Louisiana. The trial court did not err in sustaining the exception of lack of personal jurisdiction.
Plaintiffs argue that the trial court erred in failing to permit jurisdictional discovery.
*925 It is well established that trial courts have vast discretion in the regulation of pre-trial discovery. Krepps v. Hindelang, 97-980 (La.App. 5 Cir. 4/15/98), 713 5So.2d 519. Decisions made by the trial court in these matters will not be overturned absent a clear abuse of that discretion. Moak v. Illinois Central Railroad Co., 93-0783 (La.1/14/94), 631 So.2d 401.
Plaintiffs’ suit was filed on January 18, 2008. Plaintiffs served Lakeside on April 29, 2008. Lakeside filed its exception of lack of personal jurisdiction on June 4, 2008. The exception was heard on July 11, 2008, and judgment sustaining the exception was entered on July 23, 2008. At no time during the months before the exception was sustained did plaintiffs serve a single interrogatory or request for production on Lakeside. Similarly, plaintiffs never once requested depositions of Lakeside or any of its employees. Plaintiffs did not file a motion to continue the hearing date on the exception. Under these circumstances, where plaintiffs had time to conduct discovery prior to the rule on Lakeside’s exception but chose not to, it is clear that the trial court did not abuse its discretion in failing to permit jurisdictional discovery.
In their final assignment of error, plaintiffs aver that the trial court erred when it dismissed Lakeside with prejudice. They argue that, if this court does not reverse the trial court’s judgment, the judgment should be amended to dismiss the suit without prejudice, so that plaintiffs may re-file their suit against Lakeside in another jurisdiction.
Louisiana Code of Civil Procedure article 932 states: “When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.” We therefore amend the judgment of the trial court to dismiss plaintiffs’ claims against Lakeside “without prejudice.”
| c,CONCLUSION
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed as amended.

AFFIRMED AS AMENDED.

BELSOME, J., dissents with reasons.