MARC E. JOHNSON, Judge.
12The Plaintiff, LaRocca’s Auto Sales Floorplan, Inc., appeals a judgment granting an exception of lack of personal jurisdiction to New Texas Auto Auction Services, L.P., d/b/a DFW Auto Auction, Anita Tijerina, Theresa Walker, Erika Ruvalca-ba, and American National General Insurance Company (the Texas Defendants) in a suit involving car titles. We affirm.
In June of 2007, the Plaintiff filed suit against various Defendants alleging that they had engaged in a scheme that resulted in the Plaintiffs loss of security that Plaintiff provided for the purchase of automobiles in Louisiana and Texas. The suit named as Defendants: Greg Shelton, Chanon Ingles, PC & T-105, L.L.C. d/b/a Performance Cars and Truck Company, located in Monroe, Louisiana (Performance);Kimberly Sayes, a notary public in Ouachita Parish in Louisiana (Sayes); and New Texas Auto Auction Services, L.P., d/b/a DFW Auto Auction, |sAnita Tijerina, Theresa Walker, Erika Ruvalcaba, and American National General Insurance Company, residents of Texas (the “Texas Defendants”).
The petition asserts that, in 2004, Performance was engaged in selling used cars and recreational vehicles, and that the Plaintiff and Performance entered into an inventory vehicles agreement, known as a “floorplanning” agreement (the Agreement). Under the Agreement, the Plaintiff advanced money for vehicles that Per- *955 formanee located and purchased. The Plan included vehicles obtained from the Dallas-Fort Worth Auto Auction in Texas. After the vehicles were acquired with the money provided by the Plaintiff, the Plaintiff held the titles as a security lien. Performance was also required to execute and file a UCC-A financing statement. After the vehicles were sold, Performance repaid the Plaintiff and the Plaintiff then returned the title on that vehicle.
The Plaintiff alleges that the program did well for eighteen months, but in June, July and August of 2006, checks issued by Performance were returned by the bank for insufficient funds (NSF). As a result, the Plaintiff allegedly performed an audit of the vehicle inventory, and discovered that many of the floorplanned vehicles were not accounted for, and were either hidden from the floorplanned property or sold. The Plaintiff contended that the owners of Performance refused to divulge the location of the missing vehicles.
The Plaintiff further alleged that after further investigation, it discovered that many consumers that had filed complaints asserting they had not received a title, but later received them. Further, some, if not all, of the vehicles that the Plaintiff was holding the titles on had been sold and new titles issued to Performance without any repayment to the Plaintiff. The Plaintiff asserts that those new titles were “cleaned” or fraudulently issued in a scheme to bypass the Agreement, and to deprive the Plaintiff of the money Performance owed to it.
14The Plaintiff named Sayes and the Texas Defendants in the lawsuit, alleging that they were in collusion with Performance by signing fraudulent affidavits that allowed repossessed vehicles to obtain clear titles.
The Plaintiff further asserts in the petition that the transactions between the Plaintiff and Performance took place at the Plaintiffs “Floorplan” office in Metairie, Louisiana, and that the transactions included the delivery of original Texas titles.
The Defendants filed various and separate exceptions. After a hearing in December of 2007, on December 19, 2007, the trial judge granted Performance’s exception of lis pendens, Sayes’ exception of improper venue, and the Texas Defendants’ exceptions of lack of personal jurisdiction. He subsequently transferred the action against Sayes to Ouachita Parish. All other exceptions were declared moot. The Plaintiff timely filed an appeal.[1]
On appeal, the Plaintiff asserts that the trial judge erred in granting the exception of lack of personal jurisdiction filed by the Texas Defendants.
Due process requires that the defendant must have certain minimum contacts with the forum state in order to subject a nonresident defendant to a personal judgment, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); A & L Energy, Inc. v. Pegasus Group, 00-3255, p. 4 (La.6/29/01), 791 So.2d 1266, 1270, cert. denied, 534 U.S. 1022, 122 S.Ct. 550, 151 L.Ed.2d 426 (2001); Ruppert v. George Kellett & Sons, Inc., 08-182, p. 8 (La.App. 5 Cir. 9/30/08), 996 So.2d 501, 506.
There are two parts to the due process test-“minimum contacts” and “traditional notions of fair play and substantial justice.” A & L Energy, Inc., 00-3255 at 4-5, *956 791 So.2d at 1270-71; Ruppert, 08-182 at 8, 996 So.2d at 506.
| r)The Courts have held that the minimum contacts prong is satisfied “by a single act or actions by which the defendant ‘purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.’ ” Southeast Wireless Network, Inc. v. U.S. Telemetry Corp., 06-1786, p. 4 (La.4/11/07), 954 So.2d 120, 125, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); Ruppert, 08-182 at 8, 996 So.2d at 506. “Purposeful availment” must be such that the defendant “should reasonably anticipate being haled into court” in the forum state. Southeast Wireless Network, Inc., 06-1736 at 5, 954 So.2d at 125, citing Ruckstuhl v. Owens Corning Fiberglas Corporation, 98-1126 (La.4/13/99), 731 So.2d 881, cert. denied, 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407 (1999); Ruppert, 08-182 at 8, 996 So.2d at 506. “Purposeful availment” ensures that the moving party will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person. Southeast Wireless Network, Inc., 06-1736 at 5, 954 So.2d at 125. (Citations omitted); Ruppert, 08-182 at 8, 996 So.2d at 506.
The Southeast Wireless Network court explained:
If the defendant deliberately engages in significant activities within a state, or creates continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there. Because his activities are shielded by the benefits and protections of the forum’s laws, it is presumptively not unreasonable to require the defendant to submit to the burdens of litigation in that forum.
Southeast Wireless Network, Inc., 06-1736 at 5, 954 So.2d at 125, citing de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 106 (La.1991).
The foreseeability of causing an injury in another State is not a “sufficient benchmark” for exercising personal jurisdiction, Burger King Corp. v. Rudzewicz, 471 U.S. at 474, 105 S.Ct. at 2174; Ruppert, 08-182 at 8, 996 So.2d at 506. The foreseeability that is critical to due process analysis is whether the defendant’s conduct and connection with the forum State are such that he should reasonably | (¡anticipate being haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S., 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); Ruppert, 08-182 at 9, 996 So.2d at 507.
The second part of the due process test centers around the fairness of asserting jurisdiction over the defendant. Ruppert, 08-182 at 9, 996 So.2d at 507. Even when minimum contacts exist, the exercise of personal jurisdiction over a nonresident defendant will fail to satisfy due process requirements if the assertion of jurisdiction offends “traditional notions of fair play and substantial justice.” A & L Energy, supra, 00-3255 at 4, 791 So.2d at 1271, citing International Shoe, 326 U.S. at 316, 66 S.Ct. at 158; Ruppert, 08-182 at 9, 996 So.2d at 507.
There are two types of personal jurisdiction — “general” and “specific” jurisdiction. de Reyes, 586 So.2d at 105; Ruppert, 08-182 at 9, 996 So.2d at 507.
Specific jurisdiction is appropriate when that defendant has purposefully directed its activities at residents of the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. A & L Energy, supra, *957 00-8255 at 5-6, 791 So.2d at 1271 citing Burger King, 471 U.S. at 473, 105 S.Ct. at 2182 n. 15; Ruppert, 08-182 at 9, 996 So.2d at 507.
General jurisdiction attaches where the nonresident defendant’s contacts with the forum state, although not related to the plaintiff’s cause of action, are continuous and systematic. A & L Energy, supra, 00-3255 at 5-6, 791 So.2d at 1271; Ruppert, 08-182 at 9, 996 So.2d at 507.
In the scenario alleged by the Plaintiff, Performance located and purchased vehicles from the Dallas-Fort Worth Auto Auction in Texas. After the vehicles were acquired, the Plaintiff would hold the titles until Performance paid the money that the Plaintiff had extended for the purchases. The Plaintiff contends that the Texas Defendants colluded with Performance to deprive the Plaintiff of its repayments by providing numerous buyers of the vehicles titles that were fraudulently “cleaned” by employees of the Texas Defendants, as well as by | ./Performance. The Plaintiff asserts that these actions constitute sufficient contacts to satisfy the due process requirements of minimum contacts. It additionally asserts that fairness dictates that the Texas Defendants be subject to the jurisdiction of the Louisiana courts.
In Smith Stag, L.L.C. v. Wilson & Meyer Custom Theater Interiors, L.L.C., 08-1251 (La.App.4 2/18/09), 6 So.3d 921, property owners brought an action against Lakeside, a Texas bank, under the doctrine of respondeat superior and negligent supervision of its employee who allegedly fraudulently diverted the property owners’ wire transfers. The wire transfers originated in Louisiana as payments to two of the defendants for their contractor and renovation work on various properties located in Louisiana and Florida. The Plaintiffs alleged that two of the defendants took their money but failed to provide the services for which the payments were intended. The Plaintiffs further alleged that, after the transfers were processed, an employee of the bank and another co-defendant diverted the money into an account controlled by the contractors/renovators. The bank had only one office in Texas.
After considering the bank’s exception of lack of personal jurisdiction, the court found no personal jurisdiction. The court stated:
The trial court properly found that plaintiffs did not and could not sustain their burden of establishing sufficient minimum contacts to exercise either specific or general personal jurisdiction over Lakeside. Lakeside has but one office, which is located in Texas. It does not do business in Louisiana, has no office in Louisiana, has no employees in Louisiana, and has no assets in Louisiana. Lakeside does not advertise in Louisiana and does not solicit customers in Louisiana. In short, Lakeside is a local, independent bank serving the citizens of Rockwall County, Texas with no connection to the state of Louisiana whatsoever.
Plaintiffs’ cause of action against Lakeside is based solely on the alleged actions of Melinda Wilson, a Lakeside employee. Melinda Wilson is a Texas domiciliary and resident and has no contacts with Louisiana. In this matter, her only alleged role was transferring funds in Texas, after plaintiffs voluntarily transferred funds from Louisiana to Texas, from the account of Wilson & Meyer, a Texas limited liability company, to the account of Michael Wilson, a domiciliary and resident of Texas. Plaintiffs do |snot allege that Lakeside or Melinda Wilson conducted any activities in Louisiana regarding the issues *958 that form the basis of this lawsuit. Therefore, the alleged negligent acts for which plaintiffs seek to hold Lakeside responsible occurred in Texas, not Louisiana.
Smith Stag, L.L.C., 08-1251 at 3-4, 6 So.3d at 924, citing Drake v. Laboratory Corp. of America, 2007 WL 776818 (E.D.N.Y.Mar.13, 2007).
In Simmons v. Templeton, 684 So.2d 529, 536 (La.App. 4 Cir.1996), stock sellers brought suit against a buyer’s directors, law firm, and accounting firm, claiming fraud, misrepresentation, conspiracy and self-dealing. The district court judge granted an exception to personal jurisdiction in favor of the nonresident directors and law firm, and granted exception to venue in favor of accounting firm. On appeal, the Plaintiffs argued, inter alia, that the law firm was subject to personal jurisdiction because of a presumption that the law firm received substantial payments for those services. The court of appeal disagreed because the law firm had no connection to the transaction giving rise to the suit, and the petition did not contain any allegations showing any minimum contacts between the firm and Louisiana. The court found that personal jurisdiction over the law firm would not comport with constitutional concerns of fair play and substantial justice because it would be based on “random, fortuitous, or attenuated conduct,” or “the unilateral activity of another party or third person.” Simmons, 684 So.2d at 536.
In this case, the Texas Defendants did not act within the state of Louisiana, even though their alleged co-conspirators did. They did nothing to purposefully avail themselves of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. See, Burger King Corp. 471 U.S. at 475, 105 S.Ct. at 2183; Ruppert, 08-182 at 8; 996 So.2d at 506. Under these facts, the reasoning in Drake, Smith Stag, L.L.C. and Simmons applies. Thus, we find that there are insufficient minimum contacts for the Louisiana courts to obtain personal jurisdiction over the Texas Defendants. Accordingly, the trial judge did not err in sustaining the exception of lack of personal jurisdiction.
1 ^Accordingly, the judgment granting the exception of lack of personal jurisdiction is hereby affirmed. Costs of this appeal are to be paid by the Appellant.
AFFIRMED.

. The Plaintiff settled its suit against Performance and against Kimberly Sayes while this appeal was pending.